766 F.2d 1147
 UNITED STATES of America, Plaintiff-Appellee,
v.
BOB STOFER OLDSMOBILE-CADILLAC, INC., Jack W. Graham, First
National Bank of Effingham as Trustee of Trust No. 221, Sam
P. Sgro, and Bernard O. Nelson, and Washington Savings &
Loan Association, Defendants,
Robert H. Stofer and Marcia I. Stofer, Defendants-Appellants.
 No. 84-2325.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 8, 1985.
Decided July 10, 1985.
 
 Bruce E. Reppert, Asst. U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.
 Guy E. McGaughey, Jr., McGaughey & McGaughey, Lawrenceville, Ill., for defendants.
 Before BAUER and POSNER, Circuit Judges, and PECK, Senior Circuit Judge.[1]
 JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 This case is before the court upon an appeal from the order of the district court granting summary judgment to the United States. For the reasons set forth below, we affirm.
 
 
 2
 Appellants Robert Stofer and Marcia Stofer ("the Stofers") were the sole shareholders of Bob Stofer Oldsmobile-Cadillac, Inc. in Effingham, Illinois, a General Motors Corporation ("GM") franchise. In October 1980, the Small Business Administration ("SBA") loaned Bob Stofer Oldsmobile-Cadillac, Inc. $667,900.00, secured by a mortgage on the corporation's business property, the Stofers' personal residence, and a security agreement covering inventory and other collateral. In addition, Robert Stofer and Marcia Stofer each signed a personal guaranty. The note executed by the Stofers provided in part:
 
 
 3
 Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events:
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 (4) The reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Reform Act of 1978, as amended) or merger or consolidation of the undersigned (or the making of any agreement therefore) without the prior written consent of the Holder....
 
 
 7
 In July 1982, the Stofers entered into an agreement for the sale of all of the stock in Bob Stofer Oldsmobile-Cadillac, Inc. to Sam P. Sgro, Bernard O. Nelson, and Jack W. Graham[2] for the sum of $20,000.00 plus an agreement by the buyers to hold the Stofers harmless from debts to the SBA and various financial institutions, as well as for unpaid taxes and payroll. The agreement was executed without the prior consent of the SBA; the SBA, however, was made aware of the transaction shortly after its occurrence.
 
 
 8
 A dispute arose between the Stofers and the buyers of Bob Stofer Oldsmobile-Cadillac, Inc. which resulted in a lawsuit in state court. The action centered around an alleged error in the legal description of the real property conveyed and upon GM's refusal to transfer the franchise to the buyers, thus precluding them from operating the business as a GM dealership.
 
 
 9
 Following the purchase of the auto dealership in July 1982, Nelson and Graham operated the business, selling new and used cars and car parts. They made no loan payments to the SBA from the proceeds of the sale of the mortgaged assets. At about the same time the Stofers sold their interest in Bob Stofer Oldsmobile-Cadillac, Inc., the First National Bank of Effingham offered to bring the mortgage payment to the SBA current; the SBA refused to accept the delinquent payment offered on behalf of the Stofers. From July 1982 to April 1983, no payments were made to the SBA on the loan. The SBA made no demand for payment from the Stofers during that time period.
 
 
 10
 In April 1983, the United States instituted the present action in the United States District Court for the Southern District of Illinois. In its second amended complaint, the United States alleged two causes of action. The first cause sought the foreclosure of the mortgage on the real property of the auto dealership and the mortgage on the Stofers' personal residence. The second cause of action sought an accounting of the collateral under the security agreement and a foreclosure of the same plus a personal deficiency decree against the Stofers, based upon their personal guaranty of the $667,900.00 loan.
 
 
 11
 In their answer, the Stofers pleaded affirmatively the indemnity and hold harmless provision of the July 1982 agreement. Their answer also contained the affirmative defenses of laches and delay of the SBA in exercising its rights under the security agreement. Specifically, the Stofers stated that the SBA allowed Sgro, Nelson, and/or Graham to dissipate the assets of Bob Stofer Oldsmobile-Cadillac, Inc., all to the Stofers' detriment. Also in their answer, the Stofers filed cross-claims against Sgro, Nelson and Graham based on the indemnity agreement.[3]
 
 
 12
 At a pre-trial conference held before the magistrate on July 14, 1983, the parties agreed that discovery could be completed by November 1, 1983. The court set that date as the deadline for completion of discovery, and scheduled a final pre-trial conference for December 1, 1983. At the December 1st conference, counsel for the Stofers sought and received a 30-day extension to complete discovery. A final pre-trial conference was set for January 5, 1984. On December 19, 1983, the Stofers' counsel first filed a notice to take depositions.
 
 
 13
 On December 22, 1983, the United States filed a motion for summary judgment. During late December and early January, the Stofers' attorney deposed cross-defendant Nelson and the chief operating officer of the defendant First National Bank of Effingham. Cross-defendant Sgro failed to appear for his scheduled deposition, alleging a death in the family. George Danks, a director of the First National Bank of Effingham, also failed to appear for his deposition. Danks, however, apparently had not been served with a subpoena even though he was not a party to the litigation.[4] At the pre-trial conference on January 5, 1984, the attorney for the Stofers again moved to extend the discovery deadline. The magistrate denied the motion.
 
 
 14
 On January 20, 1984, the Stofers, in their response to the government's motion for summary judgment, requested that the court defer ruling until they could take five more depositions. They contended that such testimony would establish that the SBA "acquiesced in what appears to be a conspiracy by Sgro, Nelson and Graham to take the business over, sell the assets and cannibalize the business." Accompanying the response was an affidavit of Robert Stofer which adopted as true the allegations set forth in the response. The Stofers alleged that the government was equitably estopped from asserting a default on the mortgage because of its acquiescence in the actions of Sgro, Nelson and Graham.
 
 
 15
 The magistrate, in the report and recommendation filed on January 27, 1984, rejected the Stofers' contention that the government was equitably estopped by the doctrine of laches from asserting a default on the mortgage. The magistrate also concluded that "[t]he Stofers' conclusory statements that something significant will be disclosed by further discovery will not suffice to defeat summary judgment." Further, the magistrate noted that there had been no showing by the Stofers as to why they had failed to conduct discovery prior to the original November 1, 1983 deadline, nor had they offered any explanation for their dilatory conduct in not filing their first notice to take depositions until December 19, 1983. The magistrate recommended that the government's motion for summary judgment be granted.
 
 
 16
 On March 5, 1984, the Stofers moved to amend their answer and also moved for an evidentiary hearing on the issue of laches and equitable estoppel. The district court denied both motions. On March 7, 1984, the district court adopted the report and recommendation of the magistrate, with exceptions. The district court made the following conclusions of law:
 
 
 17
 1. The Note, Mortgage, Guaranty, Security Agreement, and Financing Statement are valid obligations enforceable according to the terms thereof.
 
 
 18
 2. The Small Business Administration has not released, modified, or waived the Guaranty Agreement.
 
 
 19
 3. The Agreement entered into between Robert H. and Marcia I. Stofer and certain of the defendants does not operate as a release or novation as to the Guaranty.
 
 
 20
 4. There are no valid existing claims or defenses which would defeat plaintiff's right of foreclosure.
 
 
 21
 5. There is no genuine issue of material fact.
 
 
 22
 6. Plaintiff is entitled to a Judgment and Decree of Foreclosure as a matter of law.
 
 
 23
 On May 30, 1984, the district court amended the order to certify it as a final judgment under 54(b). On appeal, the Stofers argue that (1) there were genuine issues of material fact regarding equitable estoppel which made summary judgment improper, and (2) under Fed.R.Civ.P. 56(f), the trial court erred in denying them the opportunity to reopen discovery.
 
 
 24
 In Dreher v. Sielaff, 636 F.2d 1141, 1143, n. 4 (7th Cir.1980), the court reviewed the purpose and limitations of summary judgment:
 
 
 25
 It is well accepted that the purpose of summary judgment is to prevent an unnecessary trial where, on the basis of the pleadings and supporting documents, there remains no material issue of fact to be tried. Kirk v. Home Indemnity Co., 431 F.2d 554, 559 (7th Cir.1970). Summary judgment is appropriate only if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fitzsimmons v. Best, 528 F.2d 692, 694 (7th Cir.1976); Fed.R.Civ.P. 56(c). The burden is upon the moving party to show that there is no issue of material fact in dispute, Rose v. Bridgeport Brass Co., 487 F.2d 804, 808 (7th Cir.1973)....
 
 
 26
 The record in this case indisputably establishes the facts that the SBA made a loan, personally guaranteed by the Stofers, to Bob Stofer Oldsmobile-Cadillac Inc.; the Stofers entered into an agreement to sell their interest in the auto dealership to Sgro, Nelson and Graham, and the agreement included a hold harmless provision indemnifying the Stofers from the debt to the SBA; the SBA was not a party to the agreement nor did the SBA release the Stofers from the guarantee; and, finally, that the Stofers defaulted on the loan. The Stofers argue that the trial court had before it sufficient allegations of facts to support the defenses of equitable estoppel and laches, and the government failed to meet its burden of showing that there was no issue of material fact in dispute. The Stofers submit that the pleadings, motions and affidavits before the court alleged that the SBA had full knowledge of the agreement between the Stofers and Nelson, Sgro and Graham, and the SBA allowed the buyers to deplete the mortgaged assets of the dealership without making any payments to the SBA. During this ten-month period, the SBA made no demand on the Stofers for payments on the loan and mortgage. The Stofers contend that the conduct of the SBA's representatives amounted to a false representation that led them to believe that the SBA would not enforce its rights to a foreclosure action and personal deficiency decree against them. Further, the Stofers claim that they reasonably and detrimentally relied on the words and conduct of the SBA, making no further loan payments and not concerning themselves with whether Nelson, Graham or Sgro were making the payments. The Stofers allege that the SBA was part of a conspiracy with the buyers to "cannibalize" the auto dealership and then have the SBA foreclose and seek a personal deficiency decree. Because the government produced no evidence to contradict the alleged facts of the affirmative defense, the Stofers submit, summary judgment was improperly granted.
 
 
 27
 The affirmative defense of equitable estoppel is not applicable against the government in the same manner as against a private party. In Portmann v. United States, 674 F.2d 1155, 1167 (7th Cir.1982), this court adopted the standard for estoppel against the government set forth by the Ninth Circuit in TRW, Inc. v. Federal Trade Commission, 647 F.2d 942 (9th Cir.1981), as the minimum showing that a plaintiff is required to make. In Pratte v. NLRB, 683 F.2d 1038, 1041 (7th Cir.1982), the court summarized the elements of a claim of estoppel against the government:
 
 
 28
 Estoppel will be applicable if the Governmental actions amount to "affirmative misconduct" and if four other requirements are met:
 
 
 29
 First, the party to be estopped must know the facts. Second, this party must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended. Third, the party asserting estoppel must have been ignorant of the facts. Finally, the party asserting estoppel must rely reasonably on the other's conduct to his substantial injury.
 
 
 30
 The district court in the instant case, after recognizing that estoppel may apply to the government in certain limited situations, found that summary judgment in favor of the United States was appropriate because the
 
 
 31
 Stofers have failed to produce any evidence in favor of their estoppel allegations beyond the affidavit of defendant Robert Stofer. This affidavit adopts as true the conclusory allegations set forth in defendants response to plaintiff's Motion for Summary Judgment. No other evidence has been presented and the Court is not inclined to deny a Motion for Summary Judgment on the contingency that defendants may be able to prove these facts.
 
 
 32
 Applying the analysis set forth in Pratte, we agree that the Stofers have produced insufficient evidence to establish any issue of material fact as to the applicability of equitable estoppel. Even assuming that the SBA knew the alleged facts and intended that its conduct would be acted upon, the Stofers have failed to allege any conduct of the SBA that they reasonably relied upon to their substantial injury. In response to the government's interrogatories, the Stofers responded that they could not identify any oral communication made by or on behalf of the SBA on which they had relied. Further, they responded that the only written documents which they intended to enter into evidence were the July 8, 1982 contracts. Although they conditioned both answers upon the fact that discovery was incomplete, the fact remains that they have not produced any evidence of affirmative misconduct on the part of the SBA upon which they relied. Indeed, in their January 20, 1984 response to the government's motion for summary judgment, the Stofers stated that the SBA had "acquiesced in what appears to be a conspiracy by Sgro, Nelson and Graham to take the business over, sell the assets, and cannibalize the business...." (emphasis added). Thus, because the Stofers failed to satisfactorily establish the prerequisites of equitable estoppel, there were no genuine issues of material fact to preclude the granting of summary judgment.
 
 
 33
 Next, the Stofers make the argument that under Fed.R.Civ.P. 56(f), the district court abused its discretion in refusing to grant a continuance so that more depositions could be taken. Fed.R.Civ.P. 56(f) provides:
 
 
 34
 Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 35
 The Stofers submit that Rule 56(f) is applicable here because they were prevented by the "stonewalling tactics" of Sgro and Danks from taking their depositions. Further, they assert that Rule 56(f) is particularly applicable because the adverse parties had exclusive knowledge of many of the alleged material facts. The Stofers argue that the SBA's motive, intent and knowledge in allowing the assets of the auto dealership to be depleted are critical issues within the exclusive knowledge of the SBA and accordingly, summary judgment was inappropriate under Rule 56(f).
 
 
 36
 We reject the Stofers' contention for two reasons. First, as discussed above, even if the SBA intended that its conduct would be acted upon, the Stofers have made only conclusory allegations as to any affirmative misconduct on the part of the SBA upon which they reasonably relied to their substantial injury. Thus, even if the SBA's intent were established, the Stofers have failed to make any concrete allegations as to another essential element of equitable estoppel. Secondly, we agree with the district court that the Stofers' arguments regarding Rule 56(f) are meritless. The district court noted, as did the magistrate, that counsel for the Stofers has never offered any explanation for his dilatory efforts in undertaking discovery. Although the original discovery cut-off date was set at the July pre-trial conference for November 1, 1983, counsel for the Stofers did not seek an extension until December 1, 1983, and did not file his first notice to take depositions until December 19, 1983. Under these circumstances, the magistrate refused to grant another continuance on January 5, 1984, when the Stofers' attorney moved for an extension based on the lack of cooperation of the adverse parties. We agree with the district court that, considering counsel's dilatory tactics, there is no basis for a finding that the magistrate abused his discretion in refusing to grant further discovery. A party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact. See Abiodun v. Martin Oil Service, Inc., 475 F.2d 142 (7th Cir.), cert. denied, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973); see also Waldron v. Cities Service Co., 361 F.2d 671 (2d Cir.1966), aff'd 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 reh'g denied 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1967).
 
 
 37
 Accordingly, the order of the district court granting summary judgment is AFFIRMED.
 
 
 
 [1]
 The Honorable John W. Peck, Senior Circuit Judge of the Sixth Circuit, is sitting by designation
 
 
 [2]
 Two assignments were actually executed on July 8, 1982. The first instrument conveyed the Stofers' interest to Sgro and Nelson; Sgro then conveyed his interest to Graham
 
 
 [3]
 The cross-claims are not the subject of this appeal
 
 
 [4]
 See Magistrate's Report and Recommendation, January 27, 1984, p. 5 ("George G. Danks is not a party to this litigation and no showing has been made that he was ever subpoenaed for purposes of his deposition."). We do not address the issue of whether a subpoena is required for a director of a bank which is a party to the litigation