Decided March 31, 1987

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

ANTONIA P. GUERRERO,

        Plaintiff,

    vs.

L & T INTERNATIONAL CORP.
d/b/a FUN AND GAMES,
JUAN AQUINO, and WILLIAM LELY,

        Defendants,

_____

L & T INTERNATIONAL CORP.

        Cross Claimant
        and Third Party
        Plaintiff,
    vs.

JUAN AQUINO, WILLIAM LELY,
and DOES I THROUGH V,
INCLUSIVE,

        Cross Defendants,
        and
GEORGE C. DUENAS, d/b/a
COMMONWEALTH SECURITY,

        Third Party Defendant
        Cross-claimant and
        Counter Claimant.

_____

CIVIL ACTION NO. 86-814

ORDER DENYING CONTINUANCE
(Com.R.Civ.Pro. 56(f))

On March 20, 1987, defendant L&T International Corporation (L&T) filed a motion for summary judgment against the plaintiff. The third-party defendant, George Duenas (Duenas)

joined in the motion. Both motions were supported by memoranda of law. The thrust of the motions is that as a matter of law, plaintiff's claim is without foundation because the injury to the plaintiff, caused by the criminal acts of third parties, was not foreseeable. To buttress the motions, affidavits by a principal of L&T (Willie Tan), Duenas and the Director of the Criminal Justice Planning Agency were filed. All negate any prior robberies or acts of violence at L&T's business establishment and any prior record of the area being a high crime one.

The summary judgment motion is set for hearing on April 1st. On March 30th the plaintiff moved for a continuance pursuant to Rule 56(f).[1]

Both L&T and Duenas oppose the motion. The gist of their opposition is that plaintiff has not satisfied the requirements of Rule 56(f) because the only affidavit supporting the motion for continuance does not specifically and conclusively

---

**1/**
Rule 56(f) reads:

When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions taken or discovery to be had or make such other order as is just.

establish what  facts plaintiff is unable to produce to rebut the motion for summary judgment.[2]

Several cases have been referred to  the  court  by  the parties for the construction and application of Rule 56(f).

Walters  v  City of Ocean Springs, 626 F.2d 1317 (5th Cir. 1980), cited by the plaintiff, held that  it  is  within  the court's  sound discretion to grant (or not grant) a 56(f) motion for continuance.   The  court  assumed  arguendo  that  the plaintiff's  motion  met the formal requirements of Rule 56(f). Yet the appellate court affirmed the trial court's  denial  of plaintiff's motion for continuance.

Turning  to  the  essential  content of the affidavits in support of a Rule 56(f) motion, the cases of Wilmar Poultry  Co. v  Morton  Norwich Products, Inc., 520 F.2d 289, 294 (8th Cir., 1975); Powers v McGuigan, 769 F.2d 72, 76  (2nd  Cir.,  1985); Pfeil  v Rogers, 757 F.2d 850, 856 (7th Cir., 1985); Paul Kodair Inc. v Sony Corp. of America, 694 F.2d 1017, 1029-31 (5th  Cir., 1983);  and  United  States v Bob Staffer Oldsmobile, 766 F.2d 1147, 1153 (7th Cir., 1985), all cited  by  defendants,  hold, inter alia that the party requesting the continuance must

---

[2]
The  crucial  statements  in the affidavit of plaintiff's counsel in support of the  motion  for  continuance  are  in paragraph 7 which reads:

    7.    That it is necessary for your affiant to take the depositions of Willy Tan,  Richard  Shewman,  George  C. Duenas,  one  of  the  guards at the L&T, Fund And Games location in Garapan and possibly two other persons to  rebut the  factual assertions set forth in support of the summary judgment motion.

demonstrate what purpose, if any, discovery would accomplish, given the evidence proferred by the defendants on the issue in question. The plaintiff must make an attempt to identify what, if any, facts were within the defendants' exclusive control and how, if at all, discovery would assist plaintiff in bringing those facts to light.

Another question to be addressed is whether the plaintiff is dilatory in his discovery request. Besides the length of time from the filing of the complaint to the Rule 56(f) motion, the court should consider if the plaintiff could have anticipated the need for the requested discovery and the previous efforts, if any, of the plaintiff to obtain the needed information.

In any event, the party moving for a Rule 56(f) continuance cannot simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.

Turning to the specifics of this case, it is clear from plaintiff's complaint that plaintiff's injuries were caused by the robbers who entered L&T's business premises. This, at the very outset, calls into play sections 302B, 344 and 448 of the Restatement of Torts, 2d pursuant to 7 CMC § 3401. Thus, plaintiff's claim against L&T must be based upon facts which demonstrate that L&T knew or should have known that the criminal act such that occurred was likely or even possible to occur. In a nutshell, plaintiff must show that the criminal acts of the third parties were foreseeable.

This crucial element to plaintiff's claim was addressed in the interrogatories to Willie Tan. In question 15 and 16, Tan answered that there were no prior robberies nor were any patrons injured at any of L&T's business prior to plaintiff's injury. Further, the issue of foreseeability was underscored in this court's ruling in a protective order on February 2, 1987.[3]

The plaintiff has had six months to discover facts to support the element of foreseeability. There is no doubt that the plaintiff anticipated or should have anticipated the need for discovery on the issue. Indeed, plaintiff's discovery through interrogatories found facts contrary to her position. There have been no limitations imposed on plaintiff in her discovery attempts in so far as the foreseeability issue is concerned. The information about prior robberies or injuries to customers at L&T is not within the exclusive control of the defendants. L&T has already answered under oath plaintiff's questions on the matter. L&T is not withholding any confidential or secret matters. Alternate accessible sources exist for the discovery of the information as is evidenced by the affidavit of the Director of the Criminal Justice Planning Agency. Robberies in public places and the records of same are

_____

[3] The court stated: "The crucial element for holding a party liable for the criminal conduct of a third party is foreseeability. (See Restatement of Torts, § 488 and 302B)"

not the types of information which can be construed as within the exclusive control of the victim of the offense.

The affidavit submitted in support of the continuance fails to meet the requirements of Rule 56(f). It does not set forth specific facts to be adduced to counter those in the affidavits of the defendants. There is no hint how or in what way the depositions of Tan, Shewman, or Duenas would shed light on the foreseeability issue. Indeed, as noted above, Tan and Shewman have already submitted affidavits contrary to plaintiff's position. There is no assertion in the plaintiff's affidavit that the information is in the exclusive control of the defendants.

The similarity between the plaintiff's affidavit (except for the absence of an allegation as to the exclusive control of facts by defendants) and those in Paul Kodair, Inc., supra, at pp. 1021-1022 and Wilmar Poultry Co., supra, at p. 297 is striking. The most that can be said for plaintiff's affidavit is that she needs more time to depose certain individuals. Nothing is stated in concrete or specific terms as to what the additional discovery will reveal. There is only the general statement that the additional discovery will rebut the factual assertions of defendants on the foreseeability issue. The justification for a continuance of a motion for summary judgment proceeding must be genuine and convincing to the court rather than merely colorable. Robin Construction Co. v United States, 345 F.2d 610, 614 (3rd Cir., 1965).

The affidavit of the plaintiff fails to indicate why the plaintiff could not have developed through discovery, any facts to counter the facts of the defendants on the foreseeability issue - facts which were clearly anticipated from the very beginning of this case.

Plaintiff's motion for continuance is hereby DENIED.

Dated at Saipan, CM, this 31st day of March, 1987.

Robert A. Hefner, Chief Judge