12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph M. ARBING, Plaintiff-Appellant,
v.
Michael V. NEAL, et al., Defendants-Appellees.
 No. 92-2556.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Joseph Arbing filed a complaint under 42 U.S.C. Sec. 1983 against several prison officials. The district court treated the defendants' motion for judgment on the pleadings as one for summary judgment and entered judgment in defendants' favor. Arbing's brief on appeal does not contest the merits of the district court's conclusions; instead Arbing contends that decision was premature because he did not have the benefit of discovery.
 
 
 2
 "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c). A litigant who believes that he needs additional discovery to respond to a motion for summary judgment must file an affidavit under Rule 56(f): "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Arbing responded to the defendants' motion by asserting that he needed more discovery but failed to state the reasons why he could not "present by affidavit facts essential to justify the party's opposition". More of the facts are within Arbing's knowledge; he could easily present these by affidavit. Perhaps still more information was essential, but Rule 56(f) required Arbing to provide the court with details. He did not, and an unelaborated demand for more discovery is insufficient. United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1152-53 (7th Cir.1985).
 
 
 3
 Two further contentions require brief comment. First, Arbing contends that the district court improperly "converted the complaint into an official capacity complaint." Not so. The court carefully distinguished individual from official capacity aspects of the case and addressed both.
 
 
 4
 Second, the district judge treated as "moot" Arbing's request to have the marshal serve the complaint and summons on Dr. Tanner, one of the defendants named in the complaint. The district court's theory apparently was that, because he had decided the case in Tanner's favor on the merits, it was unnecessary to serve him with process. This gets things backwards. Service precedes decision on the merits. Courts cannot resolve claims against persons named in the complaint but not served with process. Tanner could not be bound by any judgment until he had been served. The court had three options: (i) to dismiss the complaint against Tanner for failure to effect service within 120 days, see Fed.R.Civ.P. 4(j), (ii) to order the marshal to effect service and then proceed to decision on the merits; or (iii) to dismiss the complaint against Tanner as frivolous under 28 U.S.C. Sec. 1915(d). The court's handling of the case suggests that a certification of frivolousness would be inappropriate (the court permitted Arbing to proceed in forma pauperis), leaving the first two options.
 
 
 5
 The judgment is affirmed except to the extent it disposes of the claim against Tanner. The case is remanded so that the district court may adopt one of the options appropriate to an unserved person named in the complaint.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record