**Alvin MOORE, Plaintiff–Appellant,**

v.

**J.T. ROOFING, INC., Defendant–Appellee.**

**No. 03–3053.**

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 2004.*

Decided April 6, 2004.

Rehearing Denied April 21, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Alvin Moore, Plymouth, WI, pro se.

Daniel D. Barker, Melli, Walker, Pease & Ruhly, Madison, WI, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Alvin Moore sued his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, after he was terminated for fighting with a co-worker. A magistrate judge, sitting by consent of the parties, granted summary judgment in favor of his employer, and Moore appeals. We affirm.

Moore, an African American, worked as a roofer at J.T. Roofing, Inc., from 1996 to 2000. On August 8, 2000, Moore was involved in an altercation with a white co-worker. During the incident the white employee used a racial epithet, and Moore responded by threatening to "pop" him.

Both employees were suspended and ultimately discharged because of the incident.

Moore, by this time a Wisconsin state prisoner, filed a pro se suit alleging employment discrimination. Moore claimed that J.T. Roofing discriminated against him by (1) failing to train him; (2) failing to provide him with a company vehicle for transportation to and from work; and (3) terminating his employment. The protracted proceedings included a motion by Moore for default judgment, which was denied, and numerous discovery disputes between the parties. J.T. Roofing then moved for summary judgment. The district court concluded that for each of his three claims, Moore failed to identify any similarly situated employee outside his protected class who was treated more favorably. Accordingly, the court granted summary judgment to J.T. Roofing.

We address first Moore's contention that the district court erred in denying his motion for default judgment. J.T. Roofing initially failed to file a timely answer to Moore's complaint, and Moore moved for default judgment. The court denied his motion, concluding that although J.T. Roofing had been negligent in ignoring the summons, its error was not willful.

Federal Rule of Civil Procedure 55 allows the district court to enter a default when a party fails to file a responsive pleading within 20 days of being served. We review for abuse of discretion the court's decision not to enter a default. *See Robinson Eng'g Co. Pension Plan & Trust v. George,* 223 F.3d 445, 448 (7th Cir.2000). We have generally held that a default is warranted when a party has "exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir.2003); *see also Silva v. City of Madison,* 69 F.3d 1368, 1377 (7th Cir.1995) (default judgment is warranted only in

"extreme situations where less drastic measures have proven unavailing").

■ Here J.T. Roofing's answer was approximately two weeks late when Moore filed his motion for default. The district court determined that the company's failure to answer was due to inadvertence. The court also noted that the company had demonstrated its good faith by fully participating in the proceedings before the U.S. Equal Employment Opportunity Commission. After the court denied Moore's motion for default, J.T. Roofing filed an answer and otherwise abided by the court's orders. Under these circumstances, it cannot be said that J.T. Roofing exhibited a willful refusal to litigate. *Cf. Davis,* 321 F.3d at 646 (default judgment appropriate where defendant filed appearance late, submitted an inadequate responsive pleading, failed to show up for a hearing, and failed to respond to discovery requests). Accordingly, the court did not abuse its discretion in denying Moore's motion for default.

Moore next argues that the district court erred in granting summary judgment without giving him time to conduct additional discovery pursuant to Federal Rule of Civil Procedure 56(f). Moore did not file a response to his employer's summary judgment motion, but instead filed a motion pursuant to Rule 56(f), requesting that the court deny the motion or at least delay ruling until he could conduct further discovery. In his filing Moore did not specify what he hoped to gain by further discovery, except to state generally that the additional documents and interrogatory requests he sought would provide "ample evidence and witnesses" to support his case. In the same order granting summary judgment, the district court denied Moore's outstanding discovery requests, including his Rule 56(f) motion, as moot.

Rule 56(f) authorizes a district court to refuse to grant a motion for summary judgment, or to continue its ruling on such a motion, pending further discovery, if the non-movant submits an affidavit demonstrating why he cannot present facts sufficient to justify opposition to the motion. *See* Fed.R.Civ.P. 56(f); *Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir.2000). We review for abuse of discretion a district court's decision not to grant additional time for discovery before ruling on a motion for summary judgment. *See Woods,* 234 F.3d at 990; *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1056 (7th Cir.2000); *Becker v. Internal Revenue Serv.,* 34 F.3d 398, 406 (7th Cir.1994).

The parties' discovery efforts in this case have a rather convoluted history. The parties initially exchanged document requests and interrogatories, and J.T. Roofing turned over documents to Moore, including his entire employee file. Numerous disputes arose between the parties, and shortly before the close of discovery, the court ordered both parties to file motions setting forth in numbered paragraphs all the remaining items to which they thought they were entitled. The court granted some of Moore's requests and denied others, concluding that several of the documents he requested, such as EEOC records and receipts showing how much he had spent on bus fare, were items he could obtain on his own. After discovery had closed, Moore continued to issue new discovery requests to J.T. Roofing and to file discovery motions with the court, including his Rule 56(f) motion. In none of his filings did he explain why he failed to make his requests before the close of discovery, nor did he explain precisely how additional discovery would generate a genuine issue of material fact.

■ On appeal Moore continues to assert generally that additional discovery

would have helped him build a case. But Rule 56(f) is not meant to be a shield for a party to block summary judgment by offering only vague assertions or generalities that further discovery would develop genuine issues of material fact. *See Woods*, 234 F.3d at 990; *United States v. Bob Stofer Oldsmobile–Cadillac, Inc.*, 766 F.2d 1147, 1152–53 (7th Cir.1985); *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir.1984). The record shows that Moore was given ample opportunity to conduct discovery relevant to his claims, and he has not demonstrated how additional discovery would have helped him stave off summary judgment. Accordingly, the district court acted within its discretion in denying Moore's Rule 56(f) motion.

■ In a rather undeveloped argument, Moore also appears to assert that summary judgment was improper because he established a prima facie case of discrimination. Undeveloped arguments are generally considered waived. *See Hojnacki v. Klein–Acosta*, 285 F.3d 544, 549 (7th Cir. 2002); *see also Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699–700 (7th Cir. 1995) (pro se appellants are subject to same waiver rules as represented parties). However, even if we were to reach the merits of the argument, we would agree that summary judgment was proper. For each of his three claims, Moore failed to establish a key element of the prima facie case, because he did not identify any similarly situated white employee who was treated more favorably than he was. *See Adams v. Wal–Mart Stores, Inc.*, 324 F.3d 935, 938–39 (7th Cir.2003). Regarding his failure-to-train claim, the undisputed evidence shows that Moore received one-on-one training from J.T. Roofing, and that the company provided such training to both white and non-white employees. As for his failure-to-provide-transportation claim, the undisputed evidence shows that the company provided vehicles only to foremen and assistant foremen; Moore did not occupy either position during his employment. As for his unlawful termination claim, the evidence shows that J.T. Roofing fired both Moore and the white employee involved in the altercation. Moore has not identified any other white employee involved in a fight who was treated more favorably than he was. Accordingly, the district court properly granted summary judgment to J.T. Roofing.

■ Finally we address Moore's contention that the district court erred in denying his request for an order requiring officials at his prison to provide him with "meaningful legal assistance." While the parties were engaged in discovery, Moore filed a motion claiming that prison officials were hindering his access to the courts. He raised several complaints, including that the prison library was inadequate and that the prison commissary did not sell carbon paper. He asked the court to order prison officials to remedy his concerns. The court denied the motion, concluding that it lacked jurisdiction over prison officials who were not parties to the suit. The court also noted that Moore had previously raised these identical claims in a separate suit that was dismissed as frivolous, and for which Moore was assessed a strike under 28 U.S.C. § 1915(g). We agree that Moore's motion for "legal assistance" was properly denied, because the claims he raised were wholly unrelated to his employment discrimination suit.

For these reasons, the judgment of the district court is AFFIRMED.