**Norman C. GREEN, Plaintiff– Appellant,**

v.

**Jon E. LITSCHER, et al., Defendants– Appellees.**

**No. 03–1981.**

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 24, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Norman C. Green, Jr., Boscobel, WI, pro se.

David E. Hoel, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Wisconsin prisoner Norman C. Green, who calls himself "Prince Atum–Ra Uhuru," filed suit under 42 U.S.C. § 1983 alleging that prison officials violated his constitutional rights by delaying his legal mail and rejecting his prison grievances. The district court granted summary judgment to the defendants, and Green appeals. We conclude that Green's legal mail claim should have been dismissed without prejudice for failure to exhaust his administrative remedies, and with that modification we affirm the judgment of the district court.

Green first challenges the district court's denial of his request for leave to submit an amended complaint. Green had asked to amend his complaint before the defendants answered, but he never submitted a proposed amended complaint and instead simply asserted that he wanted to add new defendants and issues, neither of which he identified. As Green correctly observes, Federal Rule of Civil Procedure 15(a) gives a plaintiff the right to amend his complaint once as a matter of course before a responsive pleading is served. *See* Fed.R.Civ.P. 15(a); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1056–57 (7th Cir. 1998); *Camp v. Gregory,* 67 F.3d 1286, 1289 (7th Cir.1995). But that right is not "absolute," and the court need not permit amendment if the proposed pleading would not cure the deficiencies in the original complaint or could not survive a motion to dismiss. *See Perkins v. Silverstein,* 939 F.2d 463, 471–72 (7th Cir.1991). As he did in the district court, Green offers no detail about the changes he wanted to make to his complaint. Without some indication of what claims he intended to raise, and how the outcome of the suit would have been different if he had been allowed to amend

his complaint, we can find no error in the court's denial of his request. *See Perkins*, 939 F.2d at 472; *see also Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir.1999) ("parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim").

■ Green next argues that the district court erred in ruling on the defendants' summary judgment motion without giving him more time to conduct discovery. Federal Rule of Civil Procedure 56(f) authorizes a district court to deny or defer ruling on a motion for summary judgment if the non-movant submits an affidavit demonstrating why further discovery is needed to oppose the motion. *See* Fed.R.Civ.P. 56(f); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir.2001). We review for abuse of discretion a district court's decision not to grant additional time for discovery before ruling on a motion for summary judgment. *Woods*, 234 F.3d at 990; *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir.2000).

Here, the record shows that the district court afforded Green ample opportunity to conduct discovery relevant to his claims. Green had at least two months to initiate discovery but instead waited until the cutoff date set by the court for filing dispositive motions to submit his requests to the defendants. At his request, the court granted him additional time to respond to the defendants' motion. When the court denied his second request for an extension, Green had enough information to submit a lengthy response to the defendants' summary judgment motion. As he did in the district court, Green fails to demonstrate how more discovery would have helped him defeat the motion for summary judgment, instead asserting generally that additional discovery was "vital to the presentation of his case." But Rule 56(f) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery. *See Woods*, 234 F.3d at 990–91; *United States v. Bob Stofer Oldsmobile–Cadillac, Inc.*, 766 F.2d 1147, 1152 (7th Cir.1985); *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir.1984). The district court did not abuse its discretion in denying Green's motion.

■ Green next challenges the district court's entry of summary judgment, arguing that he established disputed issues of material fact regarding each of his claims. We review the court's order de novo, construing the facts in the light most favorable to Green. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir.2004). We turn first to Green's claim that prison officials denied him access to the courts by delaying his legal mail. Although the district court found for the defendants because Green lacked any evidence that they had obstructed his legal mail, the state renews its argument, raised as an affirmative defense below, that Green failed to exhaust his administrative remedies regarding this claim.

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). To properly exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir.2004). Green does not dispute that he failed to exhaust and instead suggests that he could not exhaust because prison officials rejected his grievances. He likens the state's failure-to-exhaust argument to a "sick patient being blamed for

not being able to prescribe his own medicine." Green, though, was not prohibited from using the grievance process; prison staff merely insisted that he follow the proper procedures. We have emphasized that to properly exhaust administrative remedies, a prisoner must complete the grievance process by following the rules that the facility has established. *Pozo*, 286 F.3d at 1023–24. In other words, a prisoner cannot exhaust his administrative remedies by "spurning" the rules, as Green did here. *See id.* The district court thus should have dismissed Green's access-to-the-courts claim without prejudice rather than proceeding to the merits. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir.1999) ("[T]he court must not proceed to render a substantive decision until it has first considered § 1997e(a)."). Accordingly, we modify the judgment to reflect that the dismissal is without prejudice as to this claim. *See Johnson*, 362 F.3d at 401.

 As for Green's claim stemming from the rejection of his grievances, the precise nature of the constitutional claim he raises is unclear. Sometimes he couches the claim in terms of equal protection and other times as retaliation. But regardless, the essence of his claim is that prison officials routinely rejected his grievances because he refused to submit them under his legal name. Green does not deny that he repeatedly submitted grievances using the name "Prince Atum–Ra Uhuru" or "Sir Norman Green II" rather than the name on his judgment of conviction as required by prison regulations, *see* Wis. Admin. Code § 303.31, or that he violated prison rules by raising more than one complaint in the same grievance and using inappropriate language, *see id.* § 310.09(1). Instead he argues at length that he should be allowed to use the name "Prince Atum–Ra Uhuru" in submitting

grievances. Prison regulations prohibit prisoners from using a name or title other than the name on their judgment of conviction, and Green has not legally changed his name. *See Azeez v. Fairman*, 795 F.2d 1296, 1299 (7th Cir.1986) ("By requiring inmates to undergo the formalities of the statutory procedure [for name changes] the prison authorities prevent capricious, incessant, casual, sudden, harassing, on-the-spot name changes.") Green failed to show that prison officials did anything other than enforce their own regulations in rejecting his grievances. Accordingly, the district court's entry of summary judgment was proper.

AFFIRMED as MODIFIED.