United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-60435
Summary Calendar

ASIF SOHANI,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------
Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A79 556 423
--------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Asif Sohani, a native and citizen of Pakistan, petitions this court to review the decision of the

Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision denying his

application for asylum, withholding of removal, and relief under the Convention Against Torture

(CAT). He argues that the Notice to Appear was legally insufficient because it did not contain a

hearing date and time, the IJ erred in holding that he had not demonstrated changed circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to justify the late filing of his asylum application, and the BIA violated his due process rights by denying an indefinite continuance pending the adjudication of his labor certification application.

Because Sohani did not object to the admission of the Notice to Appear and conceded his removability at the removal hearing, Sohani has waived his challenge to the IJ's jurisdiction over the removal proceedings. *See Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006). Because the BIA relied on the IJ's determination that the asylum application was untimely, this court lacks jurisdiction to review the denial of asylum. *See Castellon-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185-86 (3d Cir. 2003). Sohani has not shown that the BIA abused its discretion in denying his request for a continuance pending the adjudication of his labor certification application based on his lack of an approved I-140 petition for alien worker and his failure to comply with the terms of his previous visa. *See Ahmed v. Gonzales*, 447 F.3d 433, ___, 2006 WL 1064196 at *2-3 (5th Cir. 2006).

The petition for review is DENIED.