**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 12, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 05-60173

)))))))))))))))))))))))))))

NUR ALI,

    Petitioner

  v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

    Respondent

---

Petition for Review from an Order of the
Board of Immigration Appeals
No. A78 881 618

---

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

I.

Petitioner Nur Ali is a native and citizen of Bangladesh. He entered the United States in July 1996 as a non-immigrant visitor.  Ali's visa permitted him to remain in the country until December 29, 1997, but he stayed past that date.

On July 10, 2003, the Department of Homeland Security filed a Notice to Appear ("NTA") in immigration court, charging Ali as

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B).[1] The NTA stated that Ali's hearing would occur at a date and time "to be set." On the following day, July 11, Ali was notified that his hearing had been set for July 31, 2003.

Ali appeared at the hearing and did not contest the factual allegations against him. He moved to terminate the removal proceedings on constitutional grounds. Specifically, Ali alleged that the National Security Entry-Exit Registration System ("NSEERS"), pursuant to which he was placed in removal proceedings, applied only to males from predominantly Muslim countries. The parties agree that Ali also objected to the immigration court's exercise of jurisdiction. Alternatively, Ali moved to voluntarily depart the United States. On October 30, the immigration judge rejected Ali's request to terminate the proceedings and granted his motion to voluntarily depart. On jurisdictional grounds, the court declined to examine the constitutional question.

On February 3, 2005, the Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the immigration judge. Ali appeals. Because he raises constitutional and legal questions, our review is de novo. Bustamante-Barrera v.

_____

[1] In its definition of deportable aliens, the statute includes those present in the country in violation of the law. § 1227(a)(1)(B). The parties do not dispute that Ali overstayed his visa.

2

Gonzales, 447 F.3d 388, 393 (5th Cir. 2006) (citing Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) and Soadjede v. Ashcroft, 324 F.3d 830, 831 (5th Cir. 2003)).

## II.

First, Ali argues that the NSEERS violates the First, Fourth and Fifth Amendments. He claims that, by targeting immigrants mostly from predominantly-Islamic countries (including his native Bangladesh), the program discriminates on the basis of religion.[2] To this Ali adds the claim that NSEERS's unconstitutionality made his apprehension pursuant to it a violation of the Fourth Amendment. Because this court and others have repeatedly upheld NSEERS's classifications against constitutional attack, Ali v. Gonzales, 440 F.3d 678, 681 n.4 (5th Cir. 2006), we reject these claims.

Second, Ali asserts that the immigration court lacked jurisdiction because the NTA did not include a date and time. He claims this violates 8 U.S.C. § 1229(a)(1), which provides that written notice of removal proceedings must include, among other things, the time and place the proceedings will be held. § 1229(a)(1)(G)(i). Because Ali did not contest his removability to the immigration judge, he cannot argue now that the judge

---

[2] NSEERS is a government program which, pursuant to 8 U.S.C. §§ 1303 and 1305, tracks foreign nationals from various countries who reside in the United States. Ahmed v. Gonzales, 447 F.3d 433, 434 n.1 (5th Cir. 2006). The parties do not dispute Bangladesh is one such country.

3

lacked jurisdiction to find him removable.  See <u>Sohani v.</u> <u>Gonzales</u>, No. 05-60435, 2006 WL 2004985 at *1 (5th Cir. July 13, 2006) (citing <u>Qureshi v. Gonzales</u>, 442 F.3d 985, 990 (7th Cir. 2006)).

The petition for review is DENIED.