United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-60328
Summary Calendar

———————————————

NAVEED GILANI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 896
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Naveed Gilani, a native and citizen of Pakistan, petitions

this court for review of the Board of Immigration Appeals' (BIA)

decision affirming the Immigration Judge's (IJ) order of removal.

For the first time in his petition for review, Gilani contends

that he was denied procedural due process because the Notice to

Appear did not specify the time and place at which his removal

hearing would occur as required by 8 U.S.C. § 1229(a)(1)(G)(i).

He also contends that, without a specified time and place, the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Notice to Appear was jurisdictionally defective and the defect was nonwaivable.

Because Gilani failed to raise these issues before the BIA, this court lacks jurisdiction to consider them. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). Further, because Gilani did not contest his removability before the IJ, he may not argue now that the IJ lacked jurisdiction over the removal proceedings. See Sohani v. Gonzales, No. 05-60435, 2006 WL 2004985 at *1 (5th Cir. July 13, 2006) (citing Qureshi v. Gonzales, 442 F.3d 985, 990 (7th Cir. 2006)).

For the first time in his petition for review, Gilani also contends that the National Security Entrance/Exit Registration Statute (NSEERS) violates the First, Fourth, and Fifth Amendments. Specifically, he argues that NSEERS's requirement that aliens from certain countries register with the Government, in effect, discriminates on the basis of religion because most registrants from those countries are Muslim and this alleged discriminatory process results in the removal of those persons from the United States. Gilani also argues that his deportation is an illegal apprehension that is unfair because it resulted from his registration under NSEERS. Because the BIA does not have jurisdiction to decide the constitutionality of acts of Congress, exhaustion is not required. See Nehme v. INS, 252 F.3d 415, 421 (5th Cir. 2001).

This court and others have repeatedly upheld NSEERS's nationality classification against constitutional attack. See Ali v. Gonzales, 440 F.3d 678, 681 n.4 (5th Cir. 2006); Ahmed v. Gonzales, 447 F.3d 433, 439 (5th Cir. 2006). Further, Gilani was found removable after he conceded that he violated the immigration laws of the United States and not because of his registration under NSEERS. Therefore, Gilani's constitutional challenge to NSEERS does not provide a valid basis for granting his petition for review. See Ahmed, 447 F.3d at 439-40.

Finally, Gilani does not address either of the claims raised before the BIA, namely, that the Notice to Appear was improvidently issued because it was not signed by an authorized person or that the IJ erred in denying his motion for voluntary departure. Therefore, these claims are deemed abandoned. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Gilani's petition for review is DENIED.