15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gabriella Irene Jankovich BURU, Petitioner-Appellant,
v.
David N. ILCHERT, District Director, U.S. Immigration and
Naturalization Service, Respondent-Appellee.
 No. 93-15556.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriella Irene Jankovich Buru appeals the district court's denial of her habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2241 and 8 U.S.C. Sec. 1105a.[1] We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Blancada v. Turnage, 891 F.2d 688, 689 (9th Cir.1989), and affirm.
 
 
 3
 Buru, a native and citizen of Hungary, was ordered by an immigration judge to voluntarily depart from the United States by February 25, 1992, or be subject to a deportation order. She did not appeal the order. She later unsuccessfully attempted to reopen the immigration proceedings. The IJ denied Buru's motion to reopen on April 16, 1992. The Board of Immigration Appeals dismissed her appeal on June 25, 1992. This court dismissed her untimely petition for review on December 24, 1992 (no. 92-70709).
 
 
 4
 On February 23, 1993, appellee District Director of the Immigration and Naturalization Service ("Director") issued a deportation order, requiring Buru to report for deportation on March 18, 1993. Buru did not report as ordered.
 
 
 5
 On March 15, 1993, Buru requested the Director to grant her a discretionary stay of deportation on the ground that she is now married to a lawful permanent resident. The Director denied the stay on March 16, 1993.
 
 
 6
 On March 17, 1993, Buru filed a petition for writ of habeas corpus in the district court, requesting review of the IJ's original order granting voluntary departure and the Director's decision denying a stay of deportation. The district court denied the petition, and this appeal followed.
 
 
 7
 The court of appeals has exclusive jurisdiction to review final orders of deportation. Dhangu v. I.N.S., 812 F.2d 455, 457 (9th Cir.1987). A district court's habeas jurisdiction in an immigration case does not extend to review of final deportation orders. Id. The court below therefore lacked subject matter jurisdiction to review the IJ's order. See id.
 
 
 8
 A district court does have jurisdiction on habeas to review a district director's discretionary denial of an interim stay of deportation. Blancada, 891 F.2d at 689; Dhangu, 812 F.2d at 459. Because Buru had no administrative or judicial proceedings pending when the the Director denied her requested stay, however, the district court properly denied the petition. See Blancada, 891 F.2d at 689-90.
 
 
 9
 Buru's renewed motion for a stay of deportation pending disposition of this petition for review is denied as moot.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These statutes are inapposite because Buru is not in custody, see 28 U.S.C. Sec. 2241(c); 8 U.S.C. Sec. 1105a(a)(10), and because she is not subject to an order of exclusion, see 8 U.S.C. Sec. 1105a(b)