Affirmed by published per curiam opinion. Judge MICHAEL wrote an opinion concurring in part and dissenting in part. Judge MURNAGHAN wrote a dissenting opinion, in which Judge ERVIN joined.
OPINION
PER CURIAM:
On July 30, 1993, the Appellants, Jeanette Teel Taft, Onte Taft, Kimberly Taft, Harry Teel, Jr., and Shamesa Teel, filed suit pursuant to 42 U.S.C. § 1983 against the Ap-pellees, various Pitt County and City of Greenville law enforcement officers. The Appellants alleged, inter alia, that the police officers had violated the Fourth Amendment of the United States Constitution by (1) stopping the Appellants’ car without reasonable suspicion and (2) using excessive force in executing the search attendant to that stop. The district court granted summary judgment to the police officers on both of these and all other claims.
On appeal, a panel of this court unanimously affirmed the district court with respect to the first issue, finding that the “stop and frisk” was supported by “reasonable suspicion.” Taft v. Vines, 70 F.3d 304, 310 (4th Cir.1995). Therefore, the officers were entitled to qualified immunity as to “the actual decision to stop Appellant Taft’s car and to frisk the occupants.” Id. at 311 (emphasis in original). However, a divided panel concluded that the officers’ “entitlement to qualified immunity as to the Appellants’ excessive force claims was incorrectly granted by the district court at the summary judgment stage” and so reversed the “district court’s grant of summary judgment on this issue, and remand[ed] the case for trial on the § 1983 excessive force claims.” Id. at 312. A divided panel also concluded that the district court erred in denying Appellants’ “motion for continuance of the summary judgment hearing in order to allow for time to conduct discovery on the issue of qualified immunity.” Id. at 316.
We granted the officers’ petition for rehearing and suggestion for rehearing *684 en banc and vacated the panel opinion. With regard to the first issue, we now adopt the unanimous panel opinion. See part II A of the panel opinion, 70 F.3d at 310-12.
With regard to the second issue, the excessive force claims, we now adopt the dissenting opinion. See 70 F.3d at 317-21 (Motz, J., dissenting). Thus, for the reasons set forth in the dissenting opinion, we affirm the district court’s grant of summary judgment on the excessive force claims. We reiterate that we sympathize with the Appellants; the search undoubtedly was a frightening experience. Although the officers maintain that the search was conducted in accordance with appropriate police procedures, we need not and do not reach this question. The issue presented by the excessive force claims is not whether the officers violated police procedures, or even whether they, in fact, violated the Fourth Amendment. Rather, the question is whether, confronted with the facts of this case, reasonable police officers should have known that clearly established constitutional law prohibited the methods used in the search. We cannot so hold. Accordingly, the officers were entitled to summary judgment on the basis of qualified immunity on the excessive force claims.
In view of these holdings, the motion for continuance in order to conduct discovery is necessarily moot.
The order of the district court granting summary judgment to the officers is in all respects.

AFFIRMED.