# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2009

ZULFIGAR QURESHI,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A95-925-176

ARGUED JANUARY 12, 2006—DECIDED MARCH 27, 2006

Before FLAUM, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge.* Petitioner Zulfigar Qureshi seeks review of the March 15, 2005, decision by the Board of Immigration Appeals (BIA) affirming, without opinion, the denial of a motion for continuance, the denial of a motion to terminate proceedings, and the order of removal issued by the Immigration Judge (IJ) on January 20, 2004. We dismiss as moot the first request for relief and deny the other two.

## I. Background

Qureshi entered the United States from Pakistan as a nonimmigrant visitor on April 26, 1995. Although his visa expired on October 26, 1995, he remained in the United States without authorization until the government commenced removal proceedings against him. After receiving a mailed Notice to Appear (NTA) on April 28, 2003, Qureshi appeared for a hearing on May 20, 2003. At the hearing, the IJ gave him a copy of the NTA and granted a continuance until October 24, 2003, so that Qureshi could obtain counsel.

On October 11, 2003, Qureshi married a U.S. citizen, Lamonica Dunn. At the October 24, 2003, removal hearing, Qureshi admitted the factual allegations in the NTA and conceded removability. He challenged neither the service of the NTA nor the validity of the certificate of service. Instead, counsel requested ninety days to investigate the marriage. The judge continued the hearing until January 20, 2004. On October 27, 2003, Qureshi's wife filed an I-130 visa petition on his behalf, seeking to classify him as an immediate relative.[1]

At the January 20, 2004, hearing, Qureshi moved for a continuance pending adjudication of the I-130 petition by U.S. Citizenship and Immigration Services (immigration services). The IJ denied the motion for a continuance. Qureshi also challenged, for the first time, the immigration court's jurisdiction on the basis that the certificate of service was not dated. After denying this challenge, the IJ ordered Qureshi removed to Pakistan. The BIA dismissed Qureshi's direct appeal and affirmed the IJ's decision

---

[1] A United States citizen may file an "immediate relative" visa petition on behalf of an alien spouse to classify the spouse as a person able to apply for an immigrant visa. 8 U.S.C. §§ 1154(a), 1151(b)(2)(A)(I).

without opinion. Qureshi filed this petition for review. Immigration services denied the I-130 petition on March 17, 2005.

## II. Discussion

Qureshi contends that: (1) the IJ erred by denying his motion for continuance; (2) the IJ lacked jurisdiction to conduct removal proceedings because of the omission of the date on the NTA's certificate of service; and (3) the BIA violated due process by affirming, without opinion, the IJ's decision. When the BIA affirms the IJ's decision without opinion, the IJ's decision becomes that of the BIA for purposes of judicial review. *Georgis v. Ashcroft*, 328 F.3d 962, 966-67 (7th Cir. 2003).

### A. Continuance Denial

Qureshi contends that the IJ erred by denying his motion for continuance pending adjudication of the I-130 petition filed by his wife. According to petitioner, the IJ failed: (1) to provide a proper hearing on the motion; (2) to apply the proper standard for adjudicating continuance motions; and (3) to provide a reasoned explanation, consistent with the Immigration and Nationality Act, for denying the motion. The government challenges this Court's jurisdiction to entertain these claims, arguing that the IJ's decision to grant or deny a continuance is a discretionary action that we are excluded from reviewing under 8 U.S.C. § 1252(a)(2)(B)(ii).

We find it unnecessary to address these claims, however, because Qureshi's challenge to the continuance denial has been rendered moot by immigration services' dismissal of the I-130 petition. To qualify for adjudication in federal court, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). A case "is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). After oral argument in this case, the government moved to dismiss as moot the part of Qureshi's petition for review that challenged the IJ's continuance denial. We agree.

Even if Qureshi were to prevail on his challenge to the continuance denial, the relief requested, within our power to grant, is a remand to the IJ pending adjudication of the I-130 petition. As we were informed at oral argument, and as the government's motion confirms, however, the I-130 petition was denied on March 17, 2005. A remand now would effectuate no change in the case; Qureshi's basis for a continuance no longer exists and the IJ, proceeding with his earlier analysis, would simply order Qureshi removed from the United States. Federal courts have no "power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citing *Local No. 8-6, Oil Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960)). Because we are "unable to grant relief affecting the legal rights of the parties" on this issue, petitioner's claim is moot. *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 727 (7th Cir. 2000).

The petitioner appealed denial of a continuance pending adjudication of a petition. While the petition for review was pending, the anticipated adjudication transpired, so that the relief requested is no longer available and the petition

for review is necessarily moot. The present matter is factually analogous to cases where courts have, on mootness grounds, declined to review petitions seeking a stay of deportation after the alien had already been removed. *See Patel v. Ashcroft*, 378 F.3d 610, 613 (7th Cir. 2004); *Hose v. I.N.S.*, 180 F.3d 992, 996 (10th Cir. 1999). The situation here also resembles that of appellate cases outside the immigration context where denials of continuance and other motions have been found moot. *See Moore v. J.T. Roofing, Inc.*, 94 Fed.Appx. 377, 379 (7th Cir. 2004) (affirming district court's grant of summary judgment and denial of outstanding discovery requests as moot); *Taft v. Vines*, 83 F.3d 681, 684 (3d Cir. 1996) (en banc) (finding that motion for continuance in order to conduct discovery was moot); *Becker v. I.R.S.*, 34 F.3d 398, 405-06 (7th Cir. 1994) (affirming district court's grant of summary judgment and implicit denial on mootness grounds of motion for continuance to proceed with discovery). Here, as in the above cases, the intervening event "mooted the appeal by eliminating the stake" that Qureshi had in the continuance motion. *Chan v. Wodnicki*, 67 F.3d 137, 140 (7th Cir. 1995).

Qureshi's counsel conceded at argument that the denial of the I-130 petition would "take the legs out of some of my arguments, but not the argument in its entirety." Qureshi argues against mootness, in reply to the dismissal motion, on the basis that he can simply file a new visa petition. This argument is only effective, however, if Qureshi's motion for continuance pending adjudication of the I-130 petition is interpreted as a motion for continuance until "*any and all* such petitions are decided." *Cabalquinto v. I.N.S.*, 15 F.3d 1083, at *2 (9th Cir. 1994) (unpublished). Nothing in the record suggests that Qureshi sought, or even contemplated, such an indefinite continuance. Interpreting Qureshi's motion not as it was made, but instead as requiring a continuance "until any and all petitions a party facing deportation chooses to bring," would effectively ensure that "no one would ever be deported." *Id.*

Qureshi also contends that the controversy remains "live" because he can file an administrative appeal of the denial of the I-130 petition. This proposition is without merit. First, Qureshi has made no such appeal. Second, if Qureshi now attempted to appeal, the BIA would deny the appeal as time-barred. Under the regulations,

> an appeal from a decision of a Service officer shall be taken by filing a Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer (Form EOIR-29) directly with the office of the Service having administrative control over the record of proceeding within 30 days of the service of the decision being appealed.

8 C.F.R. § 1003.3(a)(2). Form EOIR-29 further specifies that notice of appeal must be filed with immigration services within thirty calendar days from either the date that notice was personally served on, or the date that notice was mailed to, the petitioner. Immigration services denied the I-130 petition on March 17, 2005. Even if Qureshi was not served with the decision until the date of oral argument, January 12, 2006, more than thirty calendar days have elapsed since personal service.[2] To our knowledge, Qureshi still has not filed an appeal with immigration services.

---

[2] Qureshi alleges misconduct by the Department of Homeland Security (DHS) in delaying service of immigration services' decision. All courts have inherent powers, including "the capacity to sanction counsel for . . . 'bad faith' conduct." *Schmude v. Sheahan*, 420 F.3d 645, 649-50 (7th Cir. 2005) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Any misconduct in this case, however, had no impact on Qureshi's ability to appeal the decision because the thirty day period runs from the date of service of notice on the petitioner instead of from the date of decision. We decline to issue a rule to show cause why DHS should not be sanctioned.

Because any appeal would now be time-barred, we are powerless to provide the requested relief.

Because it is no longer "possible to 'fashion *some* form of meaningful relief' to the appellant in the event he prevails on the merits," Qureshi's challenge to the IJ's continuance denial is moot. *Flynn v. Sandahl*, 58 F.3d 283, 287 (7th Cir. 1995) (quoting *Church of Scientology*, 506 U.S. at 12). We will not reach the merits of Qureshi's claims of error concerning the continuance denial, because "the exercise of judicial power depends upon the existence of a case or controversy" under Article III. *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 (1964).

## B. Immigration Court's Jurisdiction over Removal Proceedings

We can, however, provide the alternative relief requested—that the order of removal be vacated and the removal proceedings terminated. Because this part of the petition for review challenges the denial of the motion to terminate proceedings and the IJ's jurisdiction over the removal proceedings generally, instead of the continuance denial, it is not moot. Though some issues become moot on appeal because of an intervening event, we may review remaining issues that present a viable controversy. *See De La Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003); *Taft v. Vines*, 83 F.3d 681, 684 (3d Cir. 1996) (en banc)*; Cabalquinto v. I.N.S.*, 15 F.3d 1083, at *5 (9th Cir. 1994) (unpublished). Qureshi asserts that the IJ erred by not terminating the proceedings based on the omitted date on the certificate of service accompanying the NTA. The BIA's dismissal of the I-130 petition plainly does not affect our ability to review this issue. If Qureshi were to prevail on this challenge, the appropriate relief would be to vacate the IJ's removal order and remand with an instruction to terminate the deportation proceedings. Because we

remain able to provide meaningful relief, then, the controversy is not moot and we will reach the merits.

Qureshi argues that the IJ did not have jurisdiction to conduct removal proceedings because the omitted date of service rendered the NTA insufficient to initiate proceedings against Qureshi. Under the Immigration Court Rules of Procedure, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). This requirement is subject to another regulation, which provides that a "certification showing service on the opposing party or parties on a date certain shall accompany any filing with the Immigration Judge unless service is made on the record during the hearing." 8 C.F.R. § 1003.32(a). Here, the NTA's certificate of service failed to comply with this regulation because it contained no date of service. Nonetheless, the IJ found, and the BIA affirmed, that the action properly commenced because the NTA and certificate of service were admitted without objection on May 20, 2003, and because Qureshi admitted the allegations in the NTA and pleaded to the charge on October 24, 2003.

The IJ did not err in determining that jurisdiction was proper despite the missing date. This Court has held a concession of excludability to be "in the nature of a judicial admission, and such an admission has the effect of withdrawing an issue from controversy." *Selimi v. I.N.S.*, 312 F.3d 854, 860 (7th Cir. 2002). When a petitioner expressly concedes his removability as charged in the NTA, he waives any objection to the IJ's finding of removability, including the argument that the IJ lacked jurisdiction to find him removable. *Lukarov v. Gonzales*, No. 04-9609, 2005 WL 3446580, at *2 (10th Cir. Dec. 16, 2005). Because Qureshi failed to object to the admission of the NTA, conceded his removability, and pleaded to the charge in the NTA, all before claiming that the certificate of service was

defective, he has waived his challenge to the IJ's jurisdiction over the removal proceedings.

### C. BIA's Summary Affirmance

In two conclusory sentences in his brief, Qureshi claims that the BIA's streamlining provision violates due process. This claim is without merit. Under the streamlining provision, the member to whom an appeal is assigned shall affirm, without opinion, the IJ's decision if the member determines that: (1) the result reached in the decision under review was correct; (2) any errors in the decision were harmless or nonmaterial; and (3) the issues on appeal are squarely controlled by existing BIA or federal court precedent and do not involve a novel fact situation, or that the issues on appeal are not so substantial as to warrant the issuance of a written opinion. 8 C.F.R. § 1003.1(e)(4). As we have previously held, the BIA's use of the streamlining procedure does not violate due process where the facts of the case present no substantial issue of law. *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *see also Albathani v. I.N.S.*, 318 F.3d 365, 377 (1st Cir. 2003) (holding as a general matter that the streamlining provision neither violates due process nor renders judicial review impossible). Additionally, when the BIA affirms the IJ's decision without opinion, the IJ's decision becomes that of the BIA for purposes of judicial review. *Georgis*, 328 F.3d at 966-67. Because we thus have jurisdiction to review the IJ's decision, "it makes no practical difference whether the BIA properly or improperly streamlined review." *Hamdan v. Gonzales*, 425 F.3d 1051, 1058 (7th Cir. 2005).

### III. Conclusion

For the foregoing reasons, we DISMISS in part, and DENY in part, the petition for review.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*