IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-60471
Summary Calendar

THOMAS OGHENOVO IWO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 837 959

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Oghenovo Iwo, a citizen and native of England, submitted a petition for review from the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his motion to terminate proceedings.

Iwo argues that the BIA erred by relying on the decision in Qureshi v. Gonzales, 442 F.3d 985, 990 (7th Cir. 2006), to find that he waived any challenge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the IJ's jurisdiction by conceding removability and failing to object to the NTA. This court recently cited Qureshi in adopting the same rule. Chambers v. Mukasey, 520 F.3d 445, 449-50 (5th Cir. 2008). By conceding removability and failing to object to the NTA, Iwo waived any challenge to the IJ's jurisdiction in removal proceedings. See Chambers, 520 F.3d at 449-50. Iwo's argument is without merit.

Iwo also contends that the BIA erred by finding his notice to appear (NTA) was not defective. He argues that the NTA was fatally defective because it was not signed by the proper authority. The NTA was consistent with 8 C.F.R. § 239.1(a), which governs who may issue a NTA. See Ali v. Gonzales, 435 F.3d 544, 546-47 (5th Cir. 2006).

Iwo also argues that the IJ and BIA failed to provide adequate reasoned explanations for the decisions, that he should be entitled to equitable tolling, and that the Government deliberately deceived the court. Because Iwo failed to raise these issues before the BIA, this court lacks jurisdiction to consider them. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Accordingly, Iwo's petition for review is DENIED.