NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 6, 2014
Decided June 24, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3110

| | |
|---|---|
| ANDREW JOSEPH, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 13-CV-2279 |
| LISA CARNES, et al., | |
| *Defendants-Appellees.* | John. W. Darrah, *Judge.* |

**O R D E R**

When a business dispute developed among the five shareholders of an Illinois limited liability company, one shareholder allegedly accessed the company email accounts of two of the other shareholders. Based on those emails, three of the shareholders sued the other two shareholders in state court. The two shareholders then turned around and sued the state-court plaintiffs in federal court for violations of the Stored Communications Act ("SCA"). 18 U.S.C. §§ 2701–12. In the federal action, the

two shareholders sought a preliminary injunction related to the emails obtained from their company email accounts. The district court denied that motion. The two shareholders bring this interlocutory appeal. We affirm.

**I.**

Fairbanks, LLC, is an Illinois limited liability company owned by five members, namely, Andrew Joseph, Isamu Fairbanks, Lisa Carnes, Gregory Pease, and Rick Jacobs. Each member holds a 20 percent interest in the company. Ian Doughty is a Senior Manager at the company, Martin Craig is a business advisor to Joseph and Fairbanks, and Chris Hamilton is the company's Manager of Information Services.

In 2010, the relationship between the five members began to deteriorate. Carnes, apparently suspicious of insider misdeeds, decided to access the company email accounts and review the archived emails circulated among Joseph, Fairbanks, Doughty, and Craig. The company's emails were hosted by 123together.com ("123") with Sonian,[1] and Carnes had to log in through 123's website as a company email administrator. In performing the searches, Carnes allegedly employed search terms that targeted Joseph, Fairbanks, Doughty, and Craig, and retrieved every email sent or received from the targeted email accounts. From November 5, 2012, through February 5, 2013, Carnes allegedly performed 2,488 searches, and converted emails into Portable Document Format 1,260 times. Hamilton allegedly assisted Carnes and, on at least one occasion, performed a search himself.

On February 5, 2013, Fairbanks discovered Carnes' activity. Carnes allegedly attempted to delete the evidence of her searches, but Fairbanks had already generated a user activity log, which detailed the searches, and took screen shots of Carnes' saved search terms. Fairbanks asked 123 about the searches, but Pease instructed 123 not to provide the information to Fairbanks.

On February 6, 2013, Carnes, Pease, and Jacobs filed a lawsuit in the Circuit Court of Cook County, Illinois, against Joseph, Fairbanks, Doughty, and Craig. The state court lawsuit arose from allegations that Joseph and Fairbanks, with the assistance of Doughty and Craig, were setting up a business that would compete with Fairbanks, LLC. The lawsuit was based in part on information derived from the emails accessed by Carnes and Hamilton.

---

[1] Sonian is a vendor that subcontracts with 123 to store emails.

On March 26, 2013, Joseph, Fairbanks, Doughty, and Craig (the "plaintiffs") filed this federal action against Carnes, Pease, Jacobs, and Hamilton (the "defendants") alleging that they violated and conspired to violate the SCA. The day after filing the action, the plaintiffs filed a motion for a preliminary injunction requesting that the district court enjoin the defendants "from (1) searching, accessing, and reviewing [the plaintiffs'] electronic communications; (2) deleting or destroying evidence of the unauthorized conduct; (3) using the illegally obtained e-mails, or any information contained therein, for any purpose in the future; and (4) copying or distributing the illegally obtained electronic communications."

While the motion was pending, the plaintiffs also sought discovery of all documents and communications related to Carnes' and Hamilton's searches of the archived emails. The defendants rebuffed the plaintiffs' discovery efforts, and the plaintiffs eventually filed a motion to compel (which was subsequently withdrawn). Meanwhile, at the district court's suggestion, the defendants filed a motion to strike and dismiss the plaintiffs' motion for a preliminary injunction. On June 19, 2013, the district court denied the plaintiffs' motion for a preliminary injunction and granted the defendants' motion to strike and dismiss the motion for a preliminary injunction.[2] Thereafter, the plaintiffs filed this interlocutory appeal challenging the district court's orders related to the motion for a preliminary injunction.

## II.

As an initial matter, the defendants contend that this appeal is moot because, after the district court denied the plaintiffs' motion for a preliminary injunction, the defendants obtained legitimate access through discovery to all of the emails obtained by Carnes and Hamilton. To understand this argument, some additional facts are needed. Specifically, after the district court denied the plaintiffs' motion for a preliminary injunction, the plaintiffs decided to subpoena all documents and communications

---

[2] The plaintiffs contend that the district court merely granted the defendants' motion to strike and dismiss the plaintiffs' motion for a preliminary injunction but did not actually rule on the plaintiffs' motion for a preliminary injunction. The record does not support this contention. The district court's June 19, 2013, order clearly states that the plaintiffs' "Motion for a Preliminary Injunction [7] is denied." Indeed, in their brief's jurisdictional statement, the plaintiffs contend that we have appellate jurisdiction "pursuant to 28 U.S.C. § 1292(a)(1) because the order entered was an order *refusing a requested preliminary injunction*." Appellants' Opening Br. 1 (emphasis added).

related to Carnes' and Hamilton's searches of the emails from 123 and Sonian. According to the defendants, 123 and Sonian produced a complete log of all searches by Carnes and Hamilton of the plaintiffs' company email accounts and all emails Carnes' and Hamilton's searches may have generated. Appellees' Response Br. 16. The plaintiffs concede that they "subpoenaed email and email search records … to obtain copies of those emails searched and obtained by" Carnes and Hamilton. Appellants' Reply Br. 14. The plaintiffs also admit that, "[u]pon obtaining documents produced pursuant to the subpoenas," they then produced them to the defendants in accordance with the mandatory disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. *Id.* at 15. And the district court did not impose a protective order or seal the documents disclosed by 123 and Sonian. Thus, the defendants argue, they have legitimate access to the emails obtained by Carnes and Hamilton and, consequently, this appeal is moot.

The plaintiffs contend that the defendants have forfeited this argument on appeal because they did not raise it before the district court. However, the subpoenas and disclosures occurred *after* the district court denied the plaintiffs' motion for a preliminary injunction. So the defendants had no opportunity to argue to the district court that the motion for a preliminary injunction had become moot. Without such an opportunity, there can be no forfeiture. *See Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) ("This appeal is the first time that the parties have had an opportunity to fully brief the … argument, so it is not waived."). Moreover, if this appeal is moot, then we lack jurisdiction over it. *See Redmond v. Redmond*, 724 F.3d 729, 735 (7th Cir. 2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012)). And we always have the obligation to ensure that we have jurisdiction over an appeal. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013) ("The federal courts are courts of limited jurisdiction, and we have an obligation at each stage of the proceedings to ensure that we have subject matter jurisdiction over the dispute.").

Regarding the defendants' mootness argument, we conclude that the plaintiffs' request for a preliminary injunction is moot to the extent the plaintiffs seek an order enjoining the defendants from reviewing, using, copying, or distributing the emails obtained by Carnes and Hamilton. The plaintiffs concede that the defendants now have legitimate access to the emails via the plaintiffs' disclosure of the documents subpoenaed from 123 and Sonian. Thus, granting the plaintiffs' request that the defendants be enjoined from reviewing, using, copying, or distributing the emails obtained by Carnes and Hamilton can have no meaningful effect. (The plaintiffs seem to be primarily concerned about the defendants' use of the emails in the state court

lawsuit. But, as the district court pointed out, it is for the state court—not federal courts—to control the defendants' use of the emails in that case.)

The plaintiffs argue that this result rewards the defendants' misconduct. But the SCA provides for compensatory and punitive damages which suffice to punish the defendants' misconduct (if any). The plaintiffs also complain that our holding punishes them for complying with the rules governing discovery. Certainly the plaintiffs are obligated to comply with the Federal Rules of Civil Procedure. But the duty imposed by Rule 26 was only triggered because the plaintiffs decided to subpoena the emails before appealing the district court's denial of the plaintiffs' motion for a preliminary injunction. Moreover, the plaintiffs chose to disclose the documents subpoenaed from 123 and Sonian without seeking a protective order limiting the use of the disclosed documents to this federal action. At oral argument, counsel for the plaintiffs raised the possibility that the subpoenas might not have obtained all of the emails taken by Carnes and Hamilton. But, in light of the broad subpoena requests, counsel offers nothing to substantiate this fear. And the plaintiffs do not contend that 123 or Sonian have any reason to be less than forthcoming in responding to the plaintiffs' subpoena requests.

So this appeal is moot to the extent the plaintiffs seek an order enjoining the defendants from reviewing, using, copying, or distributing the emails obtained by Carnes and Hamilton. However, this appeal is *not* moot to the extent the plaintiffs seek an order enjoining the defendants from searching, reviewing, or accessing the plaintiffs' company email accounts in the future, or from deleting or destroying evidence related to the plaintiffs' SCA claims—such as the computers used by Carnes and Hamilton to access the plaintiffs' company email accounts. *See Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006) ("Though some issues become moot on appeal because of an intervening event, we may review remaining issues that present a viable controversy."). The defendants' legitimate access to the emails obtained by Carnes and Hamilton has nothing to do with these latter requests.

### III.

Turning to these latter requests, we nevertheless conclude that the district court did not err in denying the plaintiffs' motion for a preliminary injunction. "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chi.*, 651 F.3d 684,

694 (7th Cir. 2011)). "If the moving party meets these threshold requirements, the district court 'must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied.'" *Id.* (quoting *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). "The district court must also consider the public interest in granting or denying an injunction." *Id.* "When reviewing a district court's grant or denial of a preliminary injunction, '[w]e review the court's legal conclusions de novo, its findings of fact for clear error, and its balancing of the injunction factors for an abuse of discretion.'" *Id.* (quoting *Ezell*, 651 F.3d at 694). We accord great deference to the district court's weighing of the relevant factors. *Id.*[3]

Here, the plaintiffs' request that the defendants be enjoined from searching, reviewing, or accessing the plaintiffs' company email accounts in the future fails at the threshold because the plaintiffs have failed to demonstrate that they have no adequate remedy at law or will suffer irreparable harm. In their opening brief, the plaintiffs argue only that, should the defendants attempt to access the plaintiffs' company email accounts again, the plaintiffs will suffer harm to their privacy rights, in violation of the policy behind the SCA (to protect the privacy rights of citizens), and that monetary damages are inadequate to remedy this harm. But this argument is no more than a legal conclusion, and the plaintiffs do not offer any reasoning or legal authority in support of it. That is, the plaintiffs do not explain *why* monetary damages could not adequately remedy any future violations of the SCA by the defendants. The SCA provides that a successful plaintiff may recover "actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation" as well as "punitive damages" (provided that the violation is willful or intentional). 18 U.S.C. § 2707. The plaintiffs do

---

[3] Based on these standards, even if the plaintiffs' request that the defendants be enjoined from reviewing, using, copying, or distributing the emails obtained by Carnes and Hamilton were not moot, the request would still fail for the alternative reason that the plaintiffs do not identify (in their opening brief) any irreparable harm that they would suffer should the defendants continue to review, use, copy, or distribute the emails obtained by Carnes and Hamilton. Before the district court (and in their reply brief), the plaintiffs argued that they would be harmed if the defendants were permitted to use the emails in the state court lawsuit. *See* Dist. Ct. Doc. #8 at 12–14. But this argument is forfeited on appeal. *See United States v. Banas*, 712 F.3d 1006, 1010 n.1 (7th Cir. 2013) (observing that arguments not raised in an appellant's opening brief are forfeited). Moreover, the plaintiffs have failed to show that this potential harm could not be adequately remedied by the state court.

not explain why such a recovery would not adequately compensate them for any harm they might suffer to their privacy rights as a result of future violations of the SCA by the defendants. Consequently, the plaintiffs have failed to carry their burden of demonstrating that they have no adequate remedy at law or will suffer irreparable harm if they are denied a preliminary injunction enjoining the defendants from searching, reviewing, or accessing the plaintiffs' company email accounts in the future.[4]

Next, the plaintiffs' request that the defendants be enjoined from deleting or destroying evidence related to the plaintiffs' SCA claims fails because the defendants already have the duty to preserve evidence in their possession that is relevant to the plaintiffs' SCA claims. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 800 (N.D. Ill. 2010) ("A party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action."). Failure to do so would constitute spoliation of evidence. *See Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002) ("Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case."). Consequently, the plaintiffs' request that the defendants be enjoined from deleting or destroying evidence related to the plaintiffs' SCA claims is unnecessary.

Therefore, the district court did not err in denying the plaintiffs' motion for a preliminary injunction to the extent the plaintiffs seek an order enjoining the defendants from searching, reviewing, or accessing the plaintiffs' company email accounts in the future or from deleting or destroying evidence related to the plaintiffs' SCA claims.

## IV.

For these reasons, we DISMISS this appeal as moot to the extent the plaintiffs seek an order enjoining the defendants from reviewing, using, copying, or distributing the emails obtained by Carnes and Hamilton. And we AFFIRM the district court's order denying the plaintiffs' motion for a preliminary injunction to the extent the plaintiffs seek an order enjoining the defendants from searching, reviewing, or accessing the plaintiffs' company email accounts in the future or from deleting or destroying evidence related to the plaintiffs' SCA claims.

---

[4] The defendants deny any intent to engage in searches of the plaintiffs' company email accounts in the future.