In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2954

ANTONIO ROBLEDO-SOTO,

*Petitioner,*

*v.*

LORETTA E. LYNCH, Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A201-114-801

SUBMITTED DECEMBER 9, 2016 — DECIDED JANUARY 10, 2017

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. Robledo-Soto, the petitioner, a Mexican citizen facing removal (deportation) to Mexico, sought to postpone his removal proceeding so that he could expunge a drunk-driving conviction and if he succeeded in doing that try to persuade the Department of Homeland Security to drop its efforts to seek his removal. The Department's Immigration and Customs Enforcement division (ICE) prosecutes removal cases (technically removal cases

are civil, realistically they are closer to being criminal); and if ICE decides not to prosecute, the alien goes scot-free. Although Robledo-Soto's drunk-driving conviction had not been the basis for the Department's seeking to remove him—the basis was that he'd entered the United States without being authorized to do so, see 8 U.S.C. § 1182(a)(6)(A)(i)—it did make him a priority for removal, and he hoped that if the conviction was expunged from his record he could convince the Department to exercise its prosecutorial discretion not to seek his removal. For what is true is that in recognition of the limited resources of most government agencies, the agencies are authorized to decide "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); see also *Arizona v. United States*, 132 S. Ct. 2492, 2499 (2012); Shoba Sivaprasad Wadhia, "The History of Prosecutorial Discretion in Immigration Law," 64 *American University Law Review* 1285, 1291–93 (2015).

Robledo-Soto succeeded in getting his drunk-driving conviction expunged, brightening his prospects for a favorable exercise of prosecutorial discretion—already bright, one might have thought (erroneously, as we're about to see), because he's the parent of three American citizen children (aged 13, 9, and 7), and there is a process (though as we're about to see it has never been put into effect) called "Deferred Action for Parents of Americans" (DAPA) that is intended to allow such a person to request the Department of Homeland Security to "defer action" in his case. See Memorandum from Jeh Charles Johnson, Secretary of the Depart-

ment of Homeland Security, to León Rodríguez, Director of U.S. Citizenship and Immigration Services (USCIS), Nov. 20, 2014, www.dhs.gov/sites/default/files/publications/14_1120_ memo_deferred_action.pdf. (visited Jan. 10, 2017, as were the other websites cited in this opinion). Secretary Johnson's memo directing the creation of DAPA followed upon, and was doubtless inspired by, President Obama's announcement in late 2014 that he planned to use presidential executive powers to institute a variety of immigration reforms.

The reader needs to understand that asking for a favorable exercise of prosecutorial discretion (i.e., DAPA relief) is different from requesting either withholding or cancellation of removal, which are oft-invoked grounds for avoiding removal. Withholding of removal requires a showing that the applicant is likely to face persecution if deported to his or her country of origin, 8 C.F.R. § 208.16, and Robledo-Soto neither applied for withholding of removal nor has ever claimed to fear persecution in Mexico. And cancellation of removal requires the applicant to meet certain threshold requirements, 8 U.S.C. § 1229b, one of which is proof of 10 years of continuous physical presence in the United States, § 1229b(b)(1)(A). Robledo-Soto can prove only 9.5 years of such presence, so the immigration judge determined that he is ineligible for cancellation of removal. Robledo-Soto acknowledges that he is ineligible for either withholding or cancellation of removal—the former because he failed to ask for it, the latter because he is ineligible for it.

That leaves him with his quest for deferred action by the Department of Homeland Security, a quest that began with his entreaty for a continuance to expunge his criminal record. The Supreme Court has defined and approved deferred

action as a lawful exercise of the Executive Branch's "discretion to abandon" a removal proceeding at any stage of the proceeding. *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483–84 (1999). But Robledo-Soto faces a serious obstacle. USCIS, the component of the Department that deals with applications for immigration relief, has, because of a preliminary injunction against its implementing DAPA (which remember stands for "Deferred Action for Parents of Americans") upheld in *Texas v. United States*, 809 F.3d 134, 170–78 (5th Cir. 2015), has decided neither to implement DAPA nor accept applications for DAPA relief. As a result there is no "deferred action" process for Robledo-Soto to invoke.

Now it's true the Supreme Court granted certiorari in *Texas v. United States*, but then deadlocked 4–4, see *United States v. Texas*, 136 S. Ct. 2271 (2016) (per curiam), and as a result the Fifth Circuit's decision stands, though its soundness has been questioned. See, e.g., *Unconstitutionality of Obama's Executive Actions on Immigration: Hearing Before the House Committee on the Judiciary*, 114th Cong., 1st Sess. 61, 72–74 (2015) (statement of Stephen H. Legomsky, Former Chief Counsel of USCIS), https://judiciary.house.gov/wp-content/uploads/2016/02/114-3_93526.pdf; Shoba Sivaprasad Wadhia, "The Aftermath of *United States v. Texas*: Rediscovering Deferred Action," *Yale Journal on Regulation*, Notice & Comment (Aug. 10, 2016), http://yalejreg.com/nc/the-aftermath-of-united-states-v-texas-rediscovering-deferred-action-by-shoba-sivaprasad-wadhia/. So rather than court contempt of the Fifth Circuit's injunction (which, as we said, stands because of the decision of the Supreme Court not to overrule it), DHS/USCIS has decided not to grant deferred action in cases such as Robledo-Soto's.

Oddly, between the Fifth Circuit's decision in *Texas v. United States* and the Supreme Court's grant of certiorari, Robledo-Soto's lawyer wrote the Department of Homeland Security requesting U.S. Immigration and Customs Enforcement (ICE) "to review [his client's] case and administratively close or terminate proceedings so that he can apply with [he means 'to'] USCIS for deferred action for parents [of American citizen children]." But no one at present can apply to USCIS for such relief with any hope of success, because of its decision not to grant deferred action in cases such as this. And there is no indication that Robledo-Soto's lawyer altered his request after learning (if he did learn) that USCIS could give his client no relief.

It is conceivable that in the exercise of its prosecutorial discretion DHS could simply drop its removal proceeding against Robledo-Soto. Remember that the reason that he requested a continuance was to give him time to expunge his criminal record in the hope that the Department of Homeland Security would as a result look more favorably on his plea for relief. Yet having succeeded in expunging his drunk-driving conviction and having informed DHS of his newly clean record, he has not succeeded in dissuading the Department from seeking his removal, because the Department is committed to the ruling by the Fifth Circuit in *Texas v. United States*. That leaves us with no authority to grant him any relief that will prevent his removal, and therefore his petition for review is moot, see *Qureshi v. Gonzalez*, 442 F.3d 985, 988 (7th Cir. 2006)—and so it must be, and it hereby is, dismissed.

SYKES, *Circuit Judge*, with whom KANNE, *Circuit Judge*, joins, concurring in the judgment. Antonio Robledo-Soto, a Mexican citizen, sought to postpone his removal proceedings so that he could obtain documents to expunge a drunk-driving conviction and thereby convince the Department of Homeland Security to cease its effort to remove him. The immigration judge concluded that there was no relief he could grant and entered an order of removal, a decision upheld by the Board of Immigration Appeals.

Robledo-Soto petitioned for review, arguing that the immigration judge or the Board should have granted a continuance to allow time for him to expunge his conviction and then ask DHS to favorably exercise its discretion not to remove him. While his case has been pending in this court, his expungement motion was granted. But DHS has determined that although the drunk-driving conviction has now been expunged, it will *not* exercise its discretion to drop the case. In light of that determination, the Department of Justice argues that no meaningful relief can be ordered and the case is moot. *See Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006). Robledo-Soto agrees. Accepting that concession, the petition for review must be dismissed as moot.