**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4301**

UNITED STATES OF AMERICA,

   Plaintiff – Appellee,

  v.

FRANCISCO PEREZ-ARELLANO, a/k/a Francisco Ugarte,

   Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00357-WO)

Submitted:  November 9, 2018        Decided:  December 17, 2018

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron B. Wellman, COALTER LAW P.L.L.C., Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Perez-Arellano, a Mexican native and citizen, pled guilty to illegally reentering the country after previously being removed. *See* 8 U.S.C. § 1326(a). Varying upward from the advisory sentencing range of 30-37 months, the district court sentenced Perez-Arellano to a 48-month imprisonment term. Perez-Arellano now appeals his conviction and sentence. We affirm.[1]

In 2002, United States Customs Inspectors in Texas detained Perez-Arellano as he attempted to smuggle 1.2 kilos of cocaine into the country. Perez-Arellano subsequently was convicted for importing cocaine and sentenced to 33 months.

In August 2004, during his incarceration, Perez-Arellano was served with an INS Form I-862 "Notice to Appear" ("NTA") noting his cocaine conviction as the basis for his removal and listing a hearing date "to be set." *See* J.A. 55. Perez-Arellano signed the form on August 6, 2004, acknowledging its receipt, requesting a prompt hearing, and waiving his right to have a 10-day period before appearing before an immigration judge.

That same day, Perez-Arellano also signed a "Stipulated Request for Removal Order and Waiver of Hearing." *See* J.A. 57. By signing this document, Perez-Arellano requested that his deportation proceedings "be conducted completely on a written record, without a hearing"; admitted the allegations in the NTA and conceded that he was

---

[1] Perez-Arellano's counsel appealed the sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that the sentence is procedurally and substantively reasonable. In accordance with *Anders*, we have reviewed the sentencing record and find no meritorious issues for appeal. We will therefore affirm the sentence and limit the remainder of our discussion to Perez-Arellano's appeal of his conviction.

deportable as charged; agreed that he was ineligible for, or otherwise waived his right to apply for, any type of relief from deportation; agreed to accept a written order for his removal as a final disposition of the removal proceedings and waived his right to appeal that order; and waived his right to notice of, and right to be present at, a hearing in the event one was scheduled. J.A. 57-58. Perez-Arellano also acknowledged that he fully understood the consequences of the Stipulation and was submitting it "voluntarily, knowingly and intelligently." J.A. 58. Several days later, an immigration judge ordered Perez-Arellano's removal to Mexico.

In March 2013, ICE agents encountered Perez-Arellano in Cherokee County, South Carolina, after local law enforcement officers had discovered almost $200,000 in his vehicle during a traffic stop. Perez-Arellano was administratively arrested for unlawful presence in the country under the name of F. Junior Arellano-Guzman. In August 2013, Perez-Arellano was convicted in the District of South Carolina for illegal reentry by an aggravated felon and was sentenced under the name of Francisco Perez-Arellano to 41 months. In February 2016, Perez-Arellano was removed from the United States to Mexico.

In August 2017, Perez-Arellano was arrested under the name Francisco Ugarte by local authorities in Montgomery County, North Carolina, for a variety of controlled substance offenses. Based on an investigation, which included a fingerprint analysis, Perez-Arellano's identity was established, and he was charged with the illegal reentry crime now on appeal. As noted, Perez-Arellano pled guilty to this crime.

3

Perez-Arellano's sole argument concerning his conviction is that the district court committed plain error by failing to dismiss the indictment sua sponte. Under the plain error standard of review, our authority to remedy an error "is strictly circumscribed." *Puckett v. United States*, 556 U.S. 129, 134 (2009). In our discretion, we may correct an error not raised in the district court only where the appellant demonstrates: (1) there is in fact an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010). The appellant bears the burden of establishing entitlement to plain-error relief. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

Perez-Arellano bases his argument, which he has raised for the first time in this appeal, on the following reasoning: (1) under *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), the August 2004 NTA, which relates to his initial removal, is invalid because it failed to state the date and time of the removal hearing; (2) because of the invalidity of the 2004 NTA, the immigration judge who ordered his 2004 removal lacked jurisdiction to enter the removal order; (3) because of the asserted jurisdictional defect, the 2004 removal order and all subsequent proceedings based on the 2004 NTA are void; and (4) because a valid removal order is an element of a § 1326 prosecution, the government cannot prosecute him for the crime charged in this case. In response, the government argues that Perez-Arellano waived any objection to his 2004 removal by executing the August 2004

4

Stipulation because he admitted the allegations in the NTA and conceded his removability. The government alternatively argues that Perez-Arellano has failed to demonstrate that the court plainly erred by not dismissing the indictment and that we should decline to notice the alleged error in any event.

For support on its waiver argument, the government points to *Qureshi v. Gonzales*, 442 F.3d 985 (7th Cir. 2006), which was before the court on a petition for review of a removal order. There, the petitioner argued that the immigration judge erred by not terminating the proceedings based on an omitted date on the certificate of service accompanying his NTA. Similar to Perez-Arellano's argument, the petitioner contended that the immigration judge lacked jurisdiction to conduct the removal proceedings because the omitted date of service rendered the NTA insufficient to initiate proceedings against him. The Seventh Circuit rejected this claim, noting that "[w]hen a petitioner expressly concedes his removability as charged in the NTA, he waives any objection to the [immigration judge's] finding of removability, including the argument that the [immigration judge] lacked jurisdiction to find him removable." *Id.* at 990. Applying this principle, the court held that because the petitioner failed to object to the admission of the NTA, conceded his removability, and pled to the charge in the NTA, all before claiming that the certificate of service was defective, he waived his challenge to the immigration judge's jurisdiction over the removal proceedings. *Id.*

We find *Qureshi* persuasive and agree with the government that Perez-Arellano waived his challenge to the validity of the 2004 removal proceeding. As we have noted, by signing the August 2004 Stipulation Perez-Arellano knowingly and voluntarily

5

conceded his removability and relinquished a host of rights, including his right to be present at, or even have, a removal hearing.

Moreover, regardless of whether the waiver doctrine itself is applicable, we find that Perez-Arellano is not entitled to plain error relief given the circumstances of this case. Fundamentally, we disagree with Perez-Arellano's assertion that the district court erred at all, much less plainly erred. Simply put, *Pereira* did not address the question of an immigration judge's jurisdiction to rule on an alien's removability, and it certainly does not plainly undermine the jurisdiction of the 2004 removal proceeding.[2] In any event, even assuming for the purposes of this opinion that the district court plainly erred by not dismissing the indictment sua sponte, we would decline to correct the error because it does not seriously affect the fairness, integrity, or public reputation of these proceedings.

---

[2] In *Pereira*, the Court explained that nonpermanent residents who are subject to removal proceedings and have accrued 10 years of continuous physical presence in the United States may be eligible for cancellation of removal. However, under the "stop-time rule" set forth in 8 U.S.C. § 1229b(d)(1)(A), that period of continuous physical presence is deemed to end when the alien is served an NTA under § 1229(a). Section 1229(a) requires the Government to serve noncitizens in removal proceedings with an NTA specifying several required pieces of information, including the time and place at which the removal proceedings will be held. The Court set forth the "narrow question" presented: "If the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" 138 S.Ct. at 2110. The Court answered this question in the negative, holding that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Id.*

6

Based on the foregoing, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*