**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2425**

FREDY HERNANDEZ BENITEZ,

        Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 30, 2019                  Decided: August 15, 2019

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Sam H. Hasan, HASAN LAW GROUP PLLC, Falls Church, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Emily Anne Radford, Assistant Director, Brett F. Kinney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredy Hernandez Benitez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motions to reconsider, reopen, and terminate removal proceedings. We deny in part and dismiss in part the petition for review.

Benitez's challenge to the notice to appear (NTA) is without merit. Insofar as he challenges the immigration judge's jurisdiction because the NTA did not comply with 8 U.S.C. § 1229(a) (2012), our recent decision in *United States v. Cortez*, __ F.3d __, __, No. 19-4055, 2019 WL 3209956, at *5 (4th Cir. July 17, 2019), forecloses such an argument. Benitez's claim that the removal proceedings were not properly commenced against him because he did not receive proper notice because the NTA was defective is waived because he never raised the issue prior to appearing before the immigration judge (IJ) and conceding removability. *See Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006) (noting that alien waived challenge to NTA that lacked a sufficient certificate of service because alien conceded removability and pleaded to the charge in the NTA); *see also Chambers v. Mukasey*, 520 F.3d 445, 449-50 (5th Cir. 2008) (same). Accordingly, we deny that portion of the Board's order denying reopening and termination of removal proceedings.

The denial of Benitez's motion to reconsider is reviewed for abuse of discretion. *Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009). We will reverse the denial of a motion to reopen or reconsider only if the Board acted "arbitrarily, irrationally, or contrary to law." *Narine*, 559 F.3d at 249. Insofar as Benitez raises arguments directed at the IJ's decision

2

and the Board's order dismissing Benitez's appeal from the IJ's decision, we note that we lack jurisdiction to consider the arguments because the only order currently before this court is the Board's October 4, 2017, order denying Benitez's motion to reconsider, reopen, and terminate. *See* 8 U.S.C. § 1252(b)(1) (2012) (providing that petition for review must be filed no later than 30 days after date of final order of removal); *Stone v. INS*, 514 U.S. 386, 405 (1995) (noting that this time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms"). Accordingly, we dismiss in part the petition for review.

Lastly, we conclude that the Board's denial of reconsideration was not an abuse of discretion. Whether Benitez established that his removal would be an exceptional and extremely unusual hardship to his daughter is a discretionary decision not subject to judicial review. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D) (2012) (stating that court lacks jurisdiction to review Board's discretionary decision denying cancellation of removal except for constitutional claims and questions of law); *see also Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003) (noting that an exceptional and extremely unusual hardship determination is a subjective, discretionary judgment). This prohibition extends to the denial of a motion to reconsider the denial of discretionary relief. *See Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012) (noting "default rule" that if court lacks jurisdiction to review underlying order, it lacks jurisdiction to review denial of reconsideration); *Mehilli v. Gonzalez*, 433 F.3d 86, 92 (1st Cir. 2005) (noting that reviewing denial of motion to reconsider underlying order

3

would circumvent jurisdictional limitation).  Benitez's attempt to argue that the Board erred as a matter of law is without merit.  Accordingly, we deny in part the petition for review.

We deny in part and dismiss in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*
