Ismail v. Barr

BIA
Straus, IJ
A206 514 530

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*[1]

_____

ABDUL F. ISMAIL
> *Petitioner,*

> v.                                    18-983
>                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Megan E. Kludt, Northampton, MA.

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

**FOR RESPONDENT:**               Joseph H. Hunt, Assistant Attorney
                                  General; Jeffery R. Leist, Senior
                                  Litigation Counsel; Yedidya Cohen,
                                  Trial Attorney, Office of
                                  Immigration Litigation, United
                                  States Department of Justice,
                                  Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Abdul F. Ismail, a native and citizen of Ghana, seeks review of a March 29, 2018, decision of the BIA affirming an October 4, 2017, decision of an Immigration Judge ("IJ") denying Ismail's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denying his motion to continue his proceedings to await a decision from U.S. Citizenship and Immigration Services ("USCIS"). *In re Abdul F. Ismail,* No. A 206 514 530 (B.I.A. Mar. 29, 2019), *aff'g* No. A 206 514 530 (Immig. Ct. Hartford Oct. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

<u>Asylum, Withholding of Removal, and CAT</u>

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). Ismail claimed that he was targeted in Ghana because he was perceived as gay and that he would be targeted again if he returned.

The agency did not err in finding that Ismail failed to meet his burden of proof.

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d

3

at 196–98.  The IJ need not specify the points of testimony that require corroboration prior to the IJ's disposition of the claim because "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Chuilu Liu*, 575 F.3d at 198.  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The IJ reasonably required corroboration given that Ismail admitted he lied under oath to immigration officials both during his visa interview in 2011 and to border officials when he came to the United States in 2013.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (IJ may rely on falsehoods in any statement "without regard to whether . . . [it] goes to the heart of the applicant's claim"); *id.* § 1158(b)(1)(B)(ii) (requiring IJ to weigh testimony and corroborating evidence). Ismail attempted to obtain a visa in 2011 by falsely claiming that he was enrolled in college in Ghana and was part of a student-exchange program.  And when he entered the United

4

States in 2013, he told border officials that he came to the United States by boat when, in fact, he flew from Ghana to Mexico City. The agency was not required to accept Ismail's explanation that he was scared of having to return to Ghana, because he did not explain why he believed he would be sent back if he told the truth regarding his travel. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)). While making false statements to flee persecution is consistent with the pursuit of asylum, *see Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006), the agency did not err in relying on these false statements because Ismail was not fleeing persecution when he lied to obtain a visa years before the events giving rise to his asylum claim and he lied to border officials after he arrived in the United States.

Because Ismail's credibility was in question, the agency properly looked to his corroborating evidence to determine whether he could meet his burden of proof. *See* 8 U.S.C.

5

§ 1158(b)(1)(B)(ii). Primarily, Ismail produced only copies of documents and stated that his friend who was applying for asylum in New York had the originals, including the original of Ismail's mother's affidavit and her death certificate that allegedly proved she died a few years after the 2013 attack as a result of her injuries. The IJ did not err in requiring originals. *See* Immigration Court Practice Manual, Chapt. 3.3(d)(iii) (providing that alien must file photocopies, but must make original documents available at hearings). Nor did the IJ err in finding that Ismail should have presented testimony or a statement his friend who had been at the heart of the events in Ghana. Although Ismail stated that his friend's lawyer had advised him not to appear as a witness, Ismail did not explain why he had not obtained the originals of the documents or a written statement. *See* 8 U.S.C. § 1252(b)(4) (stating that a court may not reverse a finding that evidence is available unless a factfinder would be compelled to find it unavailable).

Nor did the IJ err in declining to give weight to the photocopies of documents in the record. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the

6

agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ reasonably found that Ismail's mother's death certificate was suspect because it listed the cause of death as "severe hand injury and broken legs due to attack" but Ismail's mother died four years after the attack. The IJ was not required to credit Ismail's explanation that his mother died from an infection due to the injuries she sustained because there is nothing in the record to confirm that statement, and other medical documents dated 2013 reflect that she had a leg fracture and a broken arm, but "got treated and became fit." Although "the agency cannot base an adverse credibility determination solely on a speculative finding that the applicant has submitted inauthentic documents in support of his application" if the testimony is "otherwise credible, consistent and compelling," *Niang v. Mukasey*, 511 F.3d 138, 141 (2d Cir. 2007), the IJ did not err in declining to credit Ismail's evidence given the credibility problems and lack of original documents. Because Ismail did not demonstrate credibility or otherwise meet his burden of proof for asylum, he necessarily did not meet his burden for withholding of removal and CAT relief

7

because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Motion for a Continuance

Ismail challenges the agency's denial of his motion to continue proceedings to await ruling on adjustment of status by USCIS. After the conclusion of Ismail's removal proceedings, USCIS denied Ismail's application. Accordingly, we agree with the government that any challenge to the denial of a continuance is moot. *See Qureshi v. Gonzales*, 442 F.3d 985, 987-90 (7th Cir. 2006) ("A remand now would effectuate no change in the case [because the] basis for a continuance no longer exists."); *see also Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED as to asylum, withholding of removal, and CAT relief,

8

and DISMISSED as moot as to the denial of a continuance.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```