10-4730-ag
Banse v. Holder
BIA
Straus, IJ
A75-793-869

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven.

PRESENT:

AMALYA L. KEARSE,
JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
    *Circuit Judges.*

_____

ABU BANSE,

            *Petitioner*,

            v.                                    10-4730-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

**FOR PETITIONERS:**          Abu Banse, *pro se*, Bronx, NY.

**FOR RESPONDENT:**           Matthew B. George, Trial Attorney, Office of
                              Immigration Litigation (Douglas E. Ginsburg,
                              Assistant Director, Office of Immigration Litigation,
                              Tony West, Assistant Attorney General, *on the brief*),
                              United States Department of Justice, Washington,
                              DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED**, that the petition for review is **DENIED**.

Petitioner, a native and citizen of Ghana, seeks review of a November 4, 2010 order of the BIA, affirming the September 1, 2009 decision of an Immigration Judge ("IJ") which denied his request for a continuance and ordered him removed. *In re Abu Banse*, No. A075 793 869 (B.I.A. Nov. 4, 2010), *aff'g* No. A075 793 869 (Immig. Ct. Hartford Sept. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's denial of a continuance for abuse of discretion. *See Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008); *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).

The Government argues that Banse's December 2009 remarriage to his current wife, and her subsequent filing of an I-130 Petition for Alien Relative on his behalf, renders his petition for review moot because these intervening events removed the basis for which he originally sought a continuance from the IJ—so that his former wife could file an I-130 visa petition on his behalf. To the extent Banse's petition challenges the IJ's denial of his continuance motion, we agree that the motion is moot.

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions . . . which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Here, even were we to determine that the IJ abused his discretion in denying Banse's motion for a continuance, a remand would bring about no change in the case, as the basis on which Banse originally sought the continuance no longer exists. *See Qureshi v. Gonzales*, 442 F.3d 985, 987-90 (7th Cir. 2006). Accordingly, Banse's challenge to the IJ's denial of a continuance is moot and the claim on that basis must be dismissed.

Banse also argues that his right to due process was violated by the denial of his request for a continuance and that he received ineffective assistance of counsel during the April and September 2009 hearings before the IJ. As the Government counters, however, Banse did not raise these issues before the BIA and, accordingly, they are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) (noting that the exhaustion requirement, while not jurisdictional, is mandatory).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. As a result, Petitioner's motion for a stay of removal is also **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk