21-6612-ag
Singh v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

SUSAN SINGH,

*Petitioner*,

v.                                    No. 21-6612-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

FOR PETITIONER:                Samuel Iroegbu, Albany, NY

FOR RESPONDENT:     Matthew A. Spurlock, Trial Attorney, John S. Hogan, Assistant Director, Office of Immigration Litigation, *for* Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Susan Singh, a native and citizen of Trinidad and Tobago, seeks review of an October 22, 2021 decision of the BIA affirming a February 28, 2019 decision of an Immigration Judge ("IJ") ordering her removal. In re Susan Singh, No. A074 844 936 (B.I.A. Oct. 22, 2021), aff'g No. A074 844 936 (Immig. Ct. Buffalo Feb. 28, 2019). Singh argues that the IJ wrongfully denied her tenth motion for a continuance and that the BIA erred when a single member of the BIA affirmed the IJ's decision without opinion. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to dismiss the petition.

Singh challenges the agency's denial of her motion to continue proceedings to await adjudication of the I-130 visa petition her husband filed on her behalf with

U.S. Citizenship and Immigration Services ("USCIS"). But while Singh's petition to us was pending, USCIS denied Singh's I-130 petition as abandoned. "[U]nder the mootness doctrine, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." Fuller v. Bd. of Immigr. Appeals, 702 F.3d 83, 86 (2d Cir. 2012) (quotation marks omitted). Accordingly, Singh's challenge to the denial of her motion for a continuance is moot because "a remand would bring about no change in the case, as the basis on which [Singh] originally sought the continuance no longer exists." Banse v. Holder, 440 F. App'x 39, 40 (2d Cir. 2011) (summary order) (citing Qureshi v. Gonzales, 442 F.3d 985, 987–90 (7th Cir. 2006)); see also Church of Scientology v. United States, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." (quoting Mills v. Green, 159 U.S. 651, 653 (1895))).

Singh also challenges the BIA's decision to summarily affirm the IJ in a decision by a single member. Even assuming we have jurisdiction to review the BIA's decision to resolve an appeal in that manner rather than referring it to a

three-member panel, see Kambolli v. Gonzales, 449 F.3d 454, 463 (2d Cir. 2006), Singh's challenge is without merit. "[S]ummary affirmance by the BIA is permissible when the [IJ's] decision below contains sufficient reasoning and evidence to permit proper judicial review," and here, the IJ's decision to deny Singh's request for a continuance was sufficiently explained. Aslam v. Mukasey, 537 F.3d 110, 117 (2d Cir. 2008) (quotation marks omitted).

We have considered Singh's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4